R. S. WILLIAMS, APPELLANT, VS. R. B. HILTON ET AL., APPELLEES.

1. It is not necessary in chancery appeals, whether from a final or interlocutory decree, that the plaintiff, if appellant, should pay the costs already accrued and give bond for future costs.

2. An appeal taken during a term of the Supreme Court is properly returnable to the succeeding term of that court.

3. On application for supersedeas in appeal from an interlocutory order or decree, the Judge or Justice is not required to satisfy his mind on litigated questions, but to see from an inspection of the record that there is an appeal, that it is not frivolous, and that the state of the case as to its future course is such as to render a stay of proceedings proper. What was said in Saxon vs. Gamble, 23 Fla., as to not considering the merits of the appeal, is modified so as to admit such consideration in order to see whether the appeal is frivolous.

Appeal from the Circuit Court for Osceola county.

The facts of the case are stated in the opinion of the court.

Motion to vacate supersedeas.

*Doggett & Buckman*, for the motion.

*Hammond & Jackson, contra.*

MAXWELL, J.: The appeal in this case is from an order dissolving the injunction previously granted. On the first day of July, 1889, the Chief Justice, on application of appellant, granted a supersedeas, and the matter now before us is a motion to vacate the supersedeas. To understand the questions presented on this motion, it is only necessary to give a general outline of the case. Appellant obtained a decree of foreclosure in another suit against Dzialynski and wife *et al.* Appellee, Hilton, was appointed master to make sale of the lands on which foreclosure was

had, and did sell, appellant becoming the purchaser. The decree directed that $1,800 of the proceeds should be paid to the solicitors of one Powell, Trustee, &c., he having been a party defendant in the suit because as Trustee he claimed the lands, and under an agreement appearing to the court (as the decree recites) he withdrew his defence on condition of the payment of that sum to him out of said proceeds. Appellant having purchased the lands at the sale, the master demanded of him the $1,800, which he refused to pay, whereupon the master readvertised the lands. The bill of appellant in the present case is to have this sale enjoined, because, as he alleges, the agreement to pay Powell, Trustee, $1,800 was made by his solicitors without his authority, and he had no knowledge of it till the master demanded that sum from him after the sale, and the said agreement, besides being illegal, was not before the court for consideration in making the decree of foreclosure ; and further, the decree and the sale advertised is against the whole of the lands described in the mortgage, whereas the mortgage was for only an undivided half interest in said lands. " Wherefore," says the bill, " the premises considered, and inasmuch as said decree is based upon an illegal contract, and one which was never before the court, and to allow the same to stand would be a wrong and a hardship upon your orator, compelling him to pay a large sum of money which he never agreed to pay, and which he is in nowise justly bound to pay, and inasmuch as to allow said decree to stand against the entire property described in said mortgage, instead of against an undivided one-half interest, and the entire property to be sold in pursuance thereof, would be greatly to the detriment of the purchaser's title at said master's sale, as well as your orator's interests, and to the end," &c., and then follows the prayer.

In the motion to vacate the order of supersedeas, the first

610 SUPREME COURT.

Williams vs. Hilton et al.—Opinion of Court.

and second grounds relate to the legality of the appeal; the third, fourth and fifth, to the sufficiency of the bill, as to parties and otherwise, on which the injunction was granted; the sixth, seventh and eighth, to irregularities, in want of notice of application for the injunction, in the oath to the bill, and otherwise, which should have prevented the granting of the injunction; the ninth, to the propriety of dissolving the injunction; the tenth, eleventh, twelfth and thirteenth, to the fact that no appeal has been taken from the decree of foreclosure in the former suit, and that said decree has been corrected and reformed, and that no reason exists for the continuance of the supersedeas, the facts not warranting the same or its retention.

There is nothing before us on this motion which was not before the Cheif Justice when he granted the order of supersedeas, and we are unable to see anything in the grounds of the motion which shows that he did not grant it advisedly. The objection as to the legality of the appeal cannot be sustained. It is not necessary in chancery appeals, as it is in appeals in actions at law, that the plaintiff, if appellant, should pay the costs already accrued and give bond for future costs. Smith vs. Curtis, 19 Fla., 786. And appeals taken during a term of the Supreme Court are properly returnable to the succeeding term of that court. McClellan, 841, section 10. In regard to the sufficiency of the bill, and irregularities in the proceeding, these are matters going to the merits of the appeal, which we are not called on to determine in considering this motion. That is not required except on the hearing of the case appealed, and would be anticipating our decision. It is enough on application for supersedeas in an appeal from an interlocutory order or decree, that the judge or justice should on "inspection of the record * think fit to order and direct" it. McClellan, 167, section 2. He is not to

satisfy his mind on litigated questions, but only to see that there is an appeal, that it is not frivolous, and that the state of the case as to its future course is such as to render a stay of proceedings proper. This was our meaning when in Saxon vs. Gamble, 23 Fla., 413, we said "it is not necessary or proper for a justice, on application for supersedeas, to consider the merits of the appeal;" and this language should be modified to admit consideration of the merits so far as to see whether the appeal is frivolous. As to the other grounds of the motion, it will be seen from the summary of these above, that questions are presented which, under the rule we have given to govern the granting of a supersedeas, do not now properly come up for consideration, but must await the final hearing of the case.

Looking to the effect of the supersedeas, it appears to us to be justified. It would seem manifestly injurious to permit the sale to proceed while there is a question made as to whether a sale can be properly had before a reformation of the decree of foreclosure, and as to whether the subsequent order directing a different sale of the property from that ordered by the decree is a legal order—such order not professing to be a reformation of the decree.

Motion denied.