MITCHELL JACOBY, APPELLANT, VS. JOHN R. SHOMAKER, ET AL., APPELLEE.

1. Where the damage which may result from a supersedeas to a decree is of such character that it can be compensated in money, a supersedeas will be granted, if the appeal does not, upon an inspection of the record, appear to be frivolous; or, in other words, if the points of error suggested by the record are not such as require no argument to show their untenableness; but where from the nature of the case the damage which may result from superseding an injunction is of such character that it cannot be compensated in money or otherwise, as in the case of the sale of intoxicating liquors in a community, a supersedeas will not be granted, unless the error of the decree appealed from is palpable. An injunction bond will indem-

nify the party enjoined from selling, but a supersedeas bond is no indemnity to the other parties or the community against all the damage which may result to them from sales pending the supersedeas.

Appeal from the Circuit Court for Jackson County.

The facts of the case are stated in the opinion.

Motion for supersedeas.

*B. F. Liddon*, for the motion.

This is an application for a supersedeas. The decree appealed from is not for the payment of money and therefore not controlled by the provisions of the statutes upon the subject. The granting of a supersedeas of this nature is in the general power of the Court.

> McGill vs. McGill, 19th Fla., 341 ; text 353, *et seq.*
> Hovey vs. McDonald, 109 U. S., 150.

The language in the concluding part of the reasoning of the Court upon this subject in the McGill case above cited speaks of final decrees; but the reasoning itself covers all kinds of decrees, whether interlocutory or final. Taking into consideration the short time which appellant's license has to run, the decree appealed from in this case, while interlocutory in form, has the force and effect of a final decree upon the subject-matter of the litigation before the lower Court. We cannot agree with the argument of counsel for respondents that "a clear case of wrong should appear" or that there should be "proof of error clear and unmistakable" before a supersedeas should be granted. Such positions are equivalent to a statement there should be a final adjudication and determination of the matter before a supersedeas can be granted.

Disagreeing with opposing counsel, we think the case of Williams vs. Hilton, 6th So. Rep., 452, goes too far; but

that case is in express opposition to the argument of counsel, and determines that it is not necessary that the judge who grants the supersedeas should satisfy his mind upon the litigated questions.

Accepting the case of Williams vs. Hilton, *supra*, as the latest and best exposition of the law upon the subject, we discuss the record in the case at bar, from three points of view, stated by the Court to be proper upon the present application.

As to the first matter as to whether an appeal has been taken, we presume that there will be no contest.

The second matter that this Court has said is proper to be considered is whether the appeal is frivolous; and the third, as to whether the future course of the case is such as to render a stay of proceedings proper.

On the second ground as to frivolity of appeal. We are somewhat embarrassed at this point in determining just how far it is proper to argue this question, without trenching upon the merits of the case, which should not be determined until after final argument. We think the appeal in this case is not frivolous, because the questions presented are new ones, never having been presented to this Court. A number of cases have been decided, compelling the County Commissioners to issue a permit, when proper application is made; but this is the first case in this Court, within my knowledge, where a bill in chancery has been brought to enjoin a dealer from pursuing the avocation for which the properly constituted authorities have after a full consideration of the matter granted a permit and given a license. A very grave question which this Court has never determined, according to my present recollection, is presented as to the authority and power of the County Commissioners, and as to the conclusiveness and finality of their

judgments in those matters which the law commits to their charge. Another very grave question involved in a discussion of this case, is whether after all parties have had a hearing before the County Commissioners, the defeated party can review the action of the county board by a bill in chancery. Another question is whether there is any method by *certiorari* or otherwise to review the action of the County Commissioners in matters within their jurisdiction. In preparing this hurried argument, I only feel myself called upon to show to the Court that there are real questions of law involved in the record, and not to show that the weight of authority upon such questions are with the appellant. At the risk of transcending the bounds of proper argument upon this application, I cite a few authorities, to sustain the proposition that the action of the County Commissioners can not be collaterally attacked.

>    Freeman on Judgments, Sec. 531; note and authorities cited therein.
>    Wells on Res-Judicata and Stare Decisis, 485.
>    Van Steenburg vs. Bigelow, 3d Wend, 42.

If the action of the County Commissioners can be reviewed where there was the same contest before them, as was brought before the Court by bill, why can it not be reviewed in every case which they have jurisdiction to pass upon; for instance, their orders in regard to establishing roads and highways, granting licenses for ferries, approving bonds for county officers, apportioning and levying taxes, etc. This Court has decided that the discretion of the Board of Commissioners in assessing taxes cannot be reviewed by a bill in chancery.

>    Gwynn vs. King, 14th Fla., 32.

Another question involved in this record is whether the

act of 1883, Chapter 3416, Laws of Florida, requiring a permit to obtain a license to sell liquors, etc., is not repealed by the 19th Article of the Constitution of 1885. In the case of the State *ex rel.* Mira vs. Smith, now pending in this Court, Mr. Hartridge, the counsel for the relator, has filed an able brief assuming the affirmative of this proposition. I adopt the brief of Mr. Hartridge as a part of my brief in this matter. So I take it this appeal can not be called frivolous; but that it is a genuine appeal intended to test questions of law and to reverse decrees which we think have been wrongfully made against us.

As to the third proposition, as to whether the future course of the case is such as to make a stay of proceedings proper. In view of the fact that our license is for so short a time, to October 1, 1890, if we succeed in this appeal, we will derive no practical benefit from success. Without the suspension the license to sell will expire before the Court can decide the case upon its merits. Especially is a supersedeas necessary when upon an inspection of the record it is seen that we have only a bond for $500 (five hundred dollars) indemnity upon injunction, while the uncontradicted evidence shows our probable profits to be one thousand dollars and that we have incurred expenses in the purchase of goods, employing assistance, rental, and arrangement of store and otherwise. If we reverse the decree below we will have sustained a great loss on account of the insufficiency of the injunction bond.

The position of course that the injunction issued in the Court below was to restrain a nuisance and to prevent irreparable injury is not well taken. The law recognizes the business as a lawful one to follow. As this Court has said, arguments upon the moral aspects of the question might be entitled to the consideration of the Legislature, but have no weight with this tribunal.

*F. B. Carter, contra.*

RANEY, C. J.: The record shows that under the act of March 3, 1883, Chapter 3416 of the Statutes, the County Commissioners of Jackson county granted to the appellant a permit to sell intoxicating liquors, wines or beer in a specified election district in that county, he having presented to them a petition under the act purported to be signed by a majority of the registered voters of the district, and that he has obtained a license under the general revenue law as a liquor dealer, and is about to commence selling pursuant thereto. The bill filed by the appellees assails the action of the County Commissioners in granting the permit, and consequently the license granted thereon, as illegal. The Judge of the First Circuit granted a temporary injunction, and from this order, Jacoby has appealed and applied to this Court for a supersedeas to the injunction.

The statute authorizing appeals from interlocutory orders in chancery provides that such appeals shall not operate as a supersedeas unless the Judge of the Circuit Court or a Justice of the Supreme Court shall on an inspection of the record think fit to order and direct a stay of proceedings, but that no appeal shall operate as a supersedeas except upon the conditions now prescribed by law in cases of appeals from final judgments and decrees. Section 2, p. 167, McClellan's Digest.

In Williams vs. Hilton. 25 Fla.; S. C., 6 So. Rep., 452, where a motion was made to vacate a supersedeas which had been granted by a Justice of this Court, it was held that on such an application the Judge or Justice is not required to satisfy his mind on litigated questions, but to seek from an inspection of the record that there is an appeal, and that it is not frivolous, and that the state of the

case as to its future course is such as to render a supersedeas proper.

Counsel for appellant relying on Williams vs. Hilton urges that his appeal is not frivolous. Two of the questions found upon an inspection of the record to be presented by it, are the right of the complainant to invoke the aid of a court of chancery in the premises, and whether or not the above act of March 3, 1883, has been repealed by the Local Option, or Nineteeenth Article of the Constitution of 1885. Counsel for appellees contends that no supersedeas should be granted unless the Judge or Court acting in the matter is satisfied that the Court below has erred, that a very clear case of wrong or injustice should appear from the record to justify the suspension of an injunction, and that to hold otherwise would be to overthrow the presumption that the judgment appealed from is correct.

The rule laid down in Williams vs. Hilton, a case involving the injunction of a sale of land under a decree of foreclosure, is correct for all cases of its nature or where the damage to result from the supersedeas is of a character that can be compensated in money; and were the case before us one of this character we should not hesitate in view of the above questions presented by it, to grant a supersedeas upon proper security being given for the indemnity of the appellees against any loss or damage to result from the supersedeas, for it cannot be said that the points of error suggested are frivolous, or in other words, are such as not to require argument to show their untenableness. It is not contemplated that the Judge or Court when acting on an application for a supersedeas should go fully into the merits of the case; this would be giving to such applications the place of a final hearing.

The case before us is one whose character distinguishes

it from the class of cases to which the rule laid down in Williams vs. Hilton is applicable. The complainant's suit is from its nature virtually in behalf of the public or the people of the district in question, and to prevent a wrong and injury to the public of a character that, if the bill is advisedly brought, cannot be compensated in money or otherwise. It cannot be said that there can be compensation for the damage which may result to a community from the establishment and continuance of a retail liquor business pending the supersedeas of an injunction against it. On the other hand, however, if the injunction be found on final decision here to have been erroneously granted, the damage which may enure to the appellant from the injunction, is clearly one of a pecuniary character, and a bond with surety, which has been given here, is the proper and usual indemnity in such cases. The damage which the appellees and the rest of the public may sustain being one of the character indicated above, our opinion is that a supersedeas should not be granted unless the error of the decree is palpable. If it was, we should not hesitate to grant the supersedeas, but the character of the case being such as it is, and the questions presented requiring investigation for their decision, the supersedeas must be denied, and it will be so ordered.