## ROBERT A. HARDEE, APPELLANT, VS. DAVID S. HUTCHINSON, APPELLEE.

1. A supersedeas granted on a partial record will be vacated on motion and upon the production of the entire record, showing that it should not have been granted in the first instance.

2. Hardee filed a bill against Hutchinson for specific performance of a written contract by which the latter agreed, upon terms therein mentioned, to convey to the former by good and sufficient deed, his wife uniting therein, certain property described, and also for an injunction restraining Hutchinson from selling or encumbering or attempting to take possession of said property. The injunction was granted by a court commissioner on affidavit without notice. Hutchinson demurred to the bill and answered, admitting the execution of the contract, and setting up fraud in procuring its execution. The demurrer was sustained and injunction dissolved, from which decision an appeal was subsequently taken, and upon the presentation of a certified transcript of the record of the foregoing proceedings, a supersedeas was granten by a Justice of the Supreme Court. On motion to vacate : *Held*, That on the record presented the supersedeas was properly granted. Subsequent to the order dissolving the injunction, Hutchinson filed a cross-bill to cancel the contract, on account of fraud, and obtained an injunction against Hardee restraining him from interfering with the property described in the contract ; thereupon an agreement, which was made an order of court, was entered into between the parties providing for the custody and management of the property pending the litigation, and after making this agreement an order of the court, the appeal was taken from the order dissolving the original injunction and the supersedeas obtained: *Held*, On the production of the additional transcript showing the foregoing facts, that the appellant Hardee was not

entitled to the supersedeas granted, as its effect was to disturb the custody and management of the property as fixed by the voluntary agreement of the parties.

Appeal from the Circuit Court for Brevard county.

Motion to vacate supersedeas.

The facts in the case are stated in the opinion of the court.

*Alex. St. Clair Abrams* for Motion.

*D. L. Gaulden, Contra.*

MABRY, J.:

In November, A. D. 1892, appellant, Hardee, filed a bill against appellee, Hutchinson, for specific performance of a written contract in which Hutchinson agreed, upon the terms therein stated, to convey by good and sufficient deed, his wife uniting therein, to Hardee, certain hotel property situated at Titusville, Brevard county, Florida; and also for an injunction restraining said Hutchinson, his servants and agents, from selling or encumbering, or from attempting to take possession of the said property. Hutchinson's wife is not made a party to the bill. It alleges possession of the property by Hardee, and a compliance on his part with the terms of the contract, and a failure and refusal on the part of Hutchinson. The bill is sworn to, and accompanying it is an affidavit by Hardee that he is informed and believes that Hutchinson will in a short time appear in Titusville and attempt

to take possession of said hotel property, and affiant fears that said Hutchinson will be assisted in his design to take possession of said property by affiant's agent, Isaac M. Mabbette, and that said Hutchinson may attempt to put it out of his power to specifically comply with his said contract by conveying, mortgaging or otherwise encumbering said property, and that the injury apprehended by affiant will be done if an immediate remedy is not afforded by the issuance of the writ of injunction without notice to said Hutchinson.

On the 8th day of November, 1892, Minor S. Jones, Circuit Court Commissioner for Brevard county, granted the injunction prayed for, upon the filing of an injunction bond.

To the bill Hutchinson filed a demurrer and an answer, and also gave notice of an intended motion to dissolve the injunction on bill and answer. The answer admits the execution of the contract, but sets up that it was obtained by fraud, and that the wife of Hutchinson has refused to execute deed to the property therein described and situated in Florida. It further appears that the demurrer was sustained and injunction dissolved on the 3d day of December, A. D. 1892, and leave granted appellant to amend 'his bill by rule day in January, 1893. From the decree sustaining the demurrer and dissolving the injunction an appeal was entered on the 19th day of December, 1892, to a day in the present term of this court, and a certified transcript of the record of the foregoing proceedings was presented to a Justice of this court for a supersedeas, who upon consultation with the other

members of the court, granted a supersedeas on the record presented, on the 23d day of December, 1892, and a motion is now made to vacate this supersedeas, on the grounds: 1st. The "injunction was improperly granted; no affidavit of facts from persons from whom appellant derived his information and belief having been filed with the bill." 2nd. "Because the whole record of the suit at the time the appeal was taken was not before the court." 3d. "Because by an agreement in writing signed by the parties and their attorneys, the possession of the property in dispute pending the suit was determined and settled." With this motion an additional transcript of the record of the proceedings between the parties has been filed here, and from it we are informed that on the 7th day of December, A. D, 1892, the appellee filed a cross-bill against the appellant, alleging therein, among other things, that the contract mentioned in the aforesaid bill was obtained by fraud, and praying a cancellation thereof, and also that appellant and his agents be enjoined from molesting, or in any way interfering with the property described in said contract and situated in Brevard county, Florida, pending the litigation.

The injunction prayed for in the cross-bill was granted on the 7th of December, 1892, and on the 9th day of that month, the following agreement was signed by the parties and their attorneys, and made an order of court by the approval of the judge, *viz*: "Whereas, there is litigation pending between Robert A. Hardee and David S. Hutchinson, over the prop-

erty known as the Indian River Hotel, situated in Titusville, in Brevard county; and whereas an injunction has been granted by the Honorable John D. Broome, judge, &c., enjoining and restraining the said Robert A. Hardee, his agents, attorneys, servants and employes, from taking, or attempting to take possession of said property, or from instituting or maintaining any action for the possession of the same pending the litigation; and whereas, it is desirable to avoid the appointment and expense of a receiver, and to place the property in such position as will enable either of the parties prevailing to receive the full benefit of his success at the least possible expense. It is therefore agreed by and between the said David S. Hutchinson and Robert A. Hardee, and their respective attorneys, whose names are hereto attached: 1st. The said Robert A. Hardee, without prejudice to his claim to have been in proper possession of the property at the time of the issuing of the writ of injunction, agrees to immediately surrender and turn over the said property to I. M. Mabbette, the present tenant thereof, and that he shall remain in possession undisputed by him until the court shall determine whether or not the said Hardee had the possession at the time of the issuing of said writ of injunction, and was entitled to the possession thereof. 2d. The said David S. Hutchinson and Robert A. Hardee jointly agree that all the rents and profits arising from said property shall be paid monthly, or as fast as received,

into the registry of the court in Brevard county, to A. A. Stewart, clerk thereof, to be kept by him, unless the parties and their attorneys shall agree to the withdrawal thereof, in which event on an order signed jointly by the said David S. Hutchinson and Robert A. Hardee, their executors or administrators, the said A. A. Stewart, clerk, or his successor in office, shall pay over such sum or sums as may be named in said order to the person to whom said order is made payable, and the said order shall be the receipt of the said A. A. Stewart, or his successor, for the payment of said money, and it being understood that before said money is paid, there shall be an order from the court authorizing the payment of the same. 3d. It is further agreed by and between the said David S. Hutchinson and Robert A. Hardee that all taxes and insurance shall be paid out of the rents and profits of said property; that the insurance shall be taken out in the name of the said David S. Hutchinson, and in the event of insurance money being collected, that the entire proceeds shall be deposited in the registry of the court, and said insurance policies shall be deposited in the registry of the court; and that the said David S. Hutchinson, before collecting said insurance, will execute such proper papers as will assure the payment of said insurance money into the registry of the court. 4th. It is further agreed by and between the said David S. Hutchinson and Robert A. Hardee, that if the said property should need any repairs or expenditures of money thereon, and they shall agree on the necessity

for such repairs, and the expenditure of the money, that the payment for such repairs, or the expenditures shall be made out of the rents and profits of said property, but no repairs or expenditures shall be made without their joint consent. 5th. It is further agreed by and between the said David S. Hutchinson and Robert A. Hardee, that in the event of any of the tenants of said property failing or refusing to pay the rent thereof, that the said David S. Hutchinson will take such legal proceedings as may be necessary to remove such defaulting tenant or tenants from the possession of the premises, but such proceedings by the said Hutchinson shall be without prejudice to any claim of possession made and held by the said Hardee. 6th. It is further agreed by and between the parties hereto, that nothing in this agreement shall be considered as limiting or impairing any right of either party to an appeal or a supersedeas from any order of the court pending the litigation. In witness whereof, the parties hereto have set their names this 9th day of December, A. D. 1892, in duplicate.

DAVID S. HUTCHINSON,

R. A. HARDEE,

ALEX. ST. CLAIR ABRAMS,

　　Atty. for D. S. Hutchinson.

ROBBINS & GRAHAM,

GAULDEN & SANDERS,

　　Attys. for R. A. Hardee.''

It also appears that appellant has filed an answer to the cross-bill, and on the 30th day of December, 1892, subsequent to the entry of the appeal referred to above and the obtaining of the supersedeas, has amended his original bill of complaint.

The questions presented for consideration by the record submitted for the supersedeas, amply justified the granting of the same under the well-settled practice of this court. *Vide* Tampa Street Railway and Power Co. vs. Tampa Suburban Railroad Co., 30 Fla., 400, 11 South. Rep., , and authorities there cited. Upon that record alone we would not hesitate to refuse the motion to vacate the supersedeas, but as it appears from what has been stated above, the entire record bearing upon appellant's right to a supersedeas was not then presented. After the decree sustaining the demurrer and dissolving the injunction had been made, and before the appeal therefrom had been entered, an agreement, which was made an order of court, was entered into between the parties and their attorneys by which the possession, management and control of the property in dispute pending the litigation, were fixed and determined. After reciting the litigation pending between the parties in reference to the property in question and the granting of the injunction on the cross-bill filed, and that it was "desirable to avoid the appointment and expense of a receiver, and place the property in such position as will enable either of the parties prevailing to receive the full benefit of his success at the least possible expense," it is agreed that the possession of the

property, under certain reservations of rights, shall be delivered by appellant to a party named, and in fact the entire control and management of the property pending the litigation is provided for. This voluntary disposition of the custody of the property pending litigation under a rule of the court is binding upon the parties, unless set aside for sufficient grounds in a proper way. They would not be entitled to appeal from it, as it was a consent order, nor can they in an indirect way question it.

Counsel for appellant says that the agreement was intended only to obviate the costs of a receiver, and that under the last clause in the agreement the right to an appeal or supersedas is expressly reserved. The clause referred to does reserve to the parties the right to an appeal or supersedeas from any order of court pending the litigation, but this can not be construed to give them the right to be heard here in opposition to an order which they have consented for the court below to make. If an order is made against their interest and without their consent they might justly claim the right to call it in question. But the agreement before us is a voluntary disposition of the custody and management of the property pending the litigation, and it is evident that a supersedeas to the original order dissolving the injunction will disturb this custody and management. If the agreement of the parties in reference to the custody of the property in question had been incorporated into the record submitted, no superdeas would have been granted, and of course no right to retain it can be insisted on by the

party who failed to submit a proper record. The entire record bearing on the questions upon which the court, or any member of it, is called to pass, should be submitted for inspection and consideration, and counsel should not withhold any part of the proceedings which may become material in passing upon any questions presented. This of course does not necessitate the incorporation into the record of unnecessary and immaterial matters connected with a legal proceeding, but everything that may be construed to be material in disposing of the questions presented by the appeal should find an appropriate place in the transcript.

In view of the agreement entered into by the parties in reference to the custody of the property in question, the appellant was not entitled to the supersedeas granted, and the motion to vacate it is therefore granted, and the supersedeas ordered to be discharged.