ECKMAN & VETSBURG, APPELLANTS, VS. F. B. MER-
IAM, APPELLEE.

1. In order to obtain a statutory supersedeas, a plaintiff in error must come within the provisions of the statute. By its provisions a party against whom an entire money judgment has been rendered in the lower court may, as matter of legal right, within the time prescribed, supersede such judgment by giving the bond in the sum. conditioned and approved as required ; but the statute does not secure to a plaintiff in error

the right, as matter of course, to supersede a judgment not rendered against him, although it may be for a definite sum of money, and affecting his interests. Where no judgment for an entire sum of money has been rendered against the plaintiff in error in the court below, the judgment as to him is other than a money judgment, within the meaning of the last clause of the first part of Section 1272, Revised Statutes.

2. Attachment proceedings were instituted by E. & V. against M., and levy made on the latter's personal property. M. filed a bill against E. & V. and the sheriff to enjoin the sale of $1,000 worth of the property, on the ground that it was exempt to M. as the head of a family, under the Constitution. The entire property levied on was sold as perishable under the attachment proceedings and the proceeds were paid into the registry of the court. M. filed supplemental amended bill against E. & V. asking that $1,000 of the money in the registry of the court be paid to him as the head of a family, and exempt under the Constitution. The Circuit Court held that M. was entitled to the exemption, and directed the register of the court to pay to him $1,000 of the money. E. & V. appealed from the decree, and within thirty days from its rendition filed a bond in the sum of $1,500, approved by the Circuit Clerk, conditioned to pay the $1,000 and interest to M., and the costs of suit in the event the decree should be affirmed: *Held*, That the decree appealed from was not such a decree for money against appellants as they had a right to supersede, as of course, under the statute, and that it would require an order of the proper court, or judge, to supersede such decree on appellants' appeal.

Appeal from the Circuit Court for Alachua county.

The facts in the case are stated in the opinion of the court.

*S. Y. Finley* for Appellants.

*W. W. Hampton* for Appellee.

MABRY, J.:

Appellee has made a motion to vacate the supersedeas in this cause. The grounds of the motion are that the appeal is frivolous; no order has been obtained from any Justice of this court for a supersedeas; and no bond has been filed by appellants pursuant to an order of the Circuit or Supreme Court for a supersedeas.

Upon an examination of the record before us we find no supersedeas in the case to vacate. The record shows that appellee filed a bill against appellants and the sheriff of Alachua county to enjoin the sale under attachment proceedings of $1000.00 worth of personal property included in a stock of goods on the ground that so much of said goods was exempt by the Constitution to appellee as the head of a family residing in this State. A temporary injunction was granted by a court commissioner, and on motion to dissolve before the Chancellor the injunction was continued on condition that appellee as complainant below execute an injunction bond in the sum of five hundred dollars. This bond, it seems, was not executed and the entire stock of goods was sold as perishable property under the attachment proceedings and the proceeds paid into the registry of the court to await the termination of the attachment suit. The bill was dismissed as to the sheriff and by leave of the court appellee filed an amended and supplemental bill against appellants, repeating therein the allegations of the original bill that appellee was the head of a family residing in this State and as such entitled to the exemptions provided for in the Constitution, and further alleging that since filing the original bill the personal property claimed as exempt

had been sold by the sheriff of Alachua county as perishable property under attachment proceedings instituted by appellants against appellee, and that the money arising from said sale was then in the registry of the court. The prayer of the bill is that $1000.00 of this money be paid to appellee as his personal property exemption under the Constitution.

There were demurrers and exceptions filed and rulings thereon, but it is not necessary to refer to them here.

After a joinder of issue testimony was taken, and upon final hearing the Circuit Judge decided that appellee was entitled to $1000.00 as his constitutional exemption out of the funds in the registry of the court arising from the sale of the stock of goods, and that the clerk as register of the court pay over at once to appellee or his solicitors of record the sum of $1000.00 and take receipt for same.

An appeal was entered by appellants from this decree, and within thirty days from the rendition of the same they filed a bond in the sum of $1500.00 payable to appellee reciting the entry of the appeal, and conditioned upon the payment of $1000.00 and interest thereon to appellee and the discharge of the costs of suit if the decree appealed from should be affirmed by this court. This bond is approved by the Circuit Clerk.

The appeal here is from a final decree and the motion to vacate is based upon the theory that the filing of the bond within thirty days from the entry of the decree operates as a supersedeas. Section 1458 Revised Statutes provides that no appeal from a final decree shall operate as a supersedeas unless taken within the time fixed by law for taking a writ of error "operating, as of course as a supersedeas" and bond and

security to be given as provided in cases of writs of error. The time fixed by statute, Section 1272, when a writ of error shall operate, as of course, as a supersedeas is when it is sued out during the session of the court at which the judgment was rendered, or within thirty days thereafter. If the plaintiff in error was the plaintiff in the lower court he is required to pay all costs that may have accrued in and about the suit up to the time of issuing the writ and shall file a bond payable to the defendant with two good and sufficient obligors to be approved by the judge or clerk of the lower court in a sum sufficient to cover all costs which may accrue in the prosecution of the writ, conditioned to pay said costs if the judgment of the court below be affirmed. If the plaintiff in error be a party against whom a judgment was rendered in the lower court he must file a bond payable to the adverse party with like obligors and approved in like manner as the bond required of the plaintiff below where he is plaintiff in error, and if the judgment so rendered be a money judgment the bond must be in a sum sufficient to cover the amount for which the judgment was given together with costs, conditioned to pay the amount of the judgment with interest and costs if the same be affirmed, but if the judgment is in whole or in part other than a money judgment, the amount and condition of the bond shall be determined by the court below. The statute clearly gives to a party against whom an entire money judgment has been rendered the right to supersede, as of course, such judgment by giving the bond, in the sum, conditioned and approved as required by the statute, but it does not secure to a plaintiff in error the right, as a matter of course, to supersede a judgment not rendered against him although it may be for a definite sum of money and affecting his interests.

Where no judgment for an entire sum of money has been rendered against the plaintiff in error in the lower court, the judgment as to him is other than a money judgment within the meaning of the last clause of the first part of Section 1272 Revised Statutes, and he has no statutory right to supersede such judgment without an order from the proper judge allowing the same, and then only by giving the bond required by law. In order to obtain the statutory supersedeas the plaintiff in error must bring himself within the provisions of the statute, and when this is not done it will require an order of the Circuit Judge or a Justice of this court before an appeal will operate as a supersedeas.

In this case no money decree was rendered against appellants and there is no order from any proper judge allowing a supersedeas. The decree appealed from in effect adjudicates a homestead exemption as to personal property in favor of a debtor, the head of a family residing in this State, and sets apart to him $1000.00 arising from the sale of his personal property. The money was in the registry of the court and while the decree affects the rights of appellants it is not a money decree against them. The motion must be denied.

At the hearing of the foregoing motion to vacate the supposed supersedeas appellants applied for an order that their appeal taken in this case operate as a supersedeas to the decree appealed from, and upon an inspection of the record it is ordered that said appeal shall operate as a supersedeas upon appellants entering into bond in such an amount and conditioned as may be determined by the Judge in the Circuit Court Court of the Fifth Judicial Circuit, and approved in the manner required by the statute.