The opinion of the court was delivered by
Nicholls, C. J.
Defendant having been found guilty of “ shooting with intent to murder ” has appealed.
The bill of exception upon which she relies recites that the court having charged the jury and having called upon defendant to know whether she desired any special charge to be given to the jury, re-, quested^ the following charge to be given:
“ Defendant asks the court to charge the jury that the burden is upon the State to show that the shooting was not the result of accident but was wilful and intentional, which charge the court refused to give as aforesaid.”
Appended to the bill are the following reasons:
“ The court declined to give the special charge for the reason that it had already charged that it devolved upon the State to prove beyond a reasonable doubt that the shooting was done wilfully, maliciously and with malice aforethought, and after having explained *1388 to the jury the elements of murder, further charged them, that unless they found from the evidence that had death resulted from the shooting, the killing would have been murder, they could not find the defendant guilty as charged in the indictment, and the court had already, at request of defendant’s counsel charged the jury, that it there was a reasonable doubt in their minds as to whether or not the shooting was the result of accident, they must give the accused the benefit of the doubt and acquit her.”
The special charge given as to “ reasonable doubt” is declared by the court to have been given at the request of the counsel of accused himself, and it is not by the bill of exceptions made the subject matter of defendant’s complaint. What is complained of is that the court did not instruct the jury that “ the burden was upon the State to show that the shooting was not the result of accident, but was wilful and intentional.” The court charged the jury that “ it devolved upon the State to prove beyond a reasonable doubt that the shooting was done wilfully, maliciously and with malice aforethought.” The only portion, therefore, of the requested charge which the court declined to give was that “ the burden was upon the State to show that it was not the result of accident.”
Under a charge which required for the purpose of conviction that the evidence should have established beyond a reasonable doubt the fact that the shooting was done wilfully, maliciously and with malice aforethought, it was impossible for the jury to have imagined that it could bring in a verdict of conviction unless the condition of the evidence was such as would forcedly, beyond reasonable doubt, exclude the hypothesis of the shooting having been accidental.
We do not think appellant has any legal ground for complaint.
The judgment is affirmed.