THE STATE OF FLORIDA, *ex rel.* A. L. HALL, *Relator,* v. AMOS LEWIS, AS JUDGE OF THE CIRCUIT COURT OF CALHOUN COUNTY, FOURTEENTH JUDICIAL CIRCUIT OF FLORIDA, *Respondent.*

## En Banc.

## Opinion Filed July 12, 1924.

The trial Court is without authority to grant a new trial in a criminal cause after Writ of Error to the judgment of conviction and sentence rendered and entered in the cause, has been duly issued and filed in the trial Court.

A case of original jurisdiction.

Alternative writ quashed.

*John D. Trammell* and *H. V. McClellan,* for Relator;

*Rivers Buford, Attorney General, J. B. Gaines, Assistant,* and *Amos Lewis,* for Respondent.

PER CURIAM.—An alternative Writ of Mandamus issued from this Court required the Circuit Judge to entertain jurisdiction of a homicide case or to show cause for not doing so. The respondent moves to quash the alternative writ. It appears that judgment of conviction was duly rendered and entered in the cause on May 1, 1923, and that on May 1, 1923, a Writ of Error to such judgment was duly issued and filed in the trial Court. Subsequently, on May 10, 1923, the Circuit Judge granted a new trial. The Circuit Judge died and his successor regarding the order granting a new trial after a Writ of Error had been duly issued and filed as unauthorized, declined to try the case again.

Upon due issuance and filing of the Writ of Error to the judgment of conviction that had been duly rendered and entered, the cause was thereby in law transferred to the Appellate Court and the authority of the trial Court to grant a new trial was suspended. This being so, the order made by the trial Court granting a new trial in the cause after a Writ of Error to the judgment of conviction had been duly issued and filed, was ineffectual.

The alternative Writ of Mandamus is quashed.

TAYLOR, C. J., AND WHITFIELD, WEST AND TERRELL, J. J., concur.