GEORGE F. WILLEY et al., Appellants, v. W. J. HOGGSON CORPORATION, A CORPORATION, et al., Appellees.

En Banc.

Opinion Filed May 30, 1925.

1. The right to utilize the appellate jurisdiction of the Supreme Court is in substance secured by the Constitution, but the right to a *supersedeas* in connection with appellate procedure, is conferred and regulated by statute; and whether a supersedeas is appropriate and what is its effect, if obtained, is to be determined upon a consideration of the particular facts of a case and of the controlling provisions and principles of law applicable in the premises.

2. Where the statute requires a bond or an order or both a bond and an order to make a supersedeas effective, the statute must be complied with.

3. The usual function of a supersedeas is in proper cases to stay further judicial proceedings in the case in the court below, or to restore or to preserve the *status quo* or to stay the execution or enforcement of an order or decree or judgment.

4. The statute does not *require* a supersedeas to be obtained in order to preserve the appellate jurisdiction and powers of the Supreme Court in a cause that has been removed to the appellate court by an appeal duly taken in the case, particularly where the appeal involves the whole merits of the cause.

5. A supersedeas is not essential to the acquisition of or to preservation of appellate jurisdiction. When the jurisdiction of the appellate court attaches it is exclusive as to the subject covered by the appeal.

6. The nature of a cause and of the order or decree appealed from might be such that, subject to the appeal, the trial court may properly take further judicial proceedings in the cause, or the order or decree appealed from may be executed or enforced, unless a supersedeas is duly obtained and made ef-

fective as an incident to the appeal taken; but where an appeal is duly taken, whether with or without a supersedeas, so, as to transfer the cause to the appellate court, the trial court is without power to finally dispose of the cause by dis· missal or otherwise so as to in form or effect interfere with the power or authority of the appellate court, under the Constitution to make its jurisdiction and orders or decrees effective in the cause to which its organic appellate jurisdiction has attached by due course of appellate procedure.

7. When the appellate court acquires jurisdiction of a cause no order of the trial court can legally impair or interfere with the power of the appellate court to make its jurisdiction in the premises effective. An order of the trial court dismissing a bill of complaint, made *after* an interlocutory appeal was duly taken, does not affect the jurisdiction of the appellate court.

8. Where an appeal is taken from an interlocutory order *after* a final decree has been rendered in the cause, and no appeal is taken from the final decree, the appellate court will dismiss the appeal taken solely from the interlocutory order.

9. Where an appeal is taken from an interlocutory order *before* a final decree is rendered in the cause, the appellate court will not dismiss the appeal taken from the interlocutory order merely because the appellant did not take an appeal from the final decree after it was rendered, unless perhaps the final decree renders harmless or immaterial the appellant the error, if any, in the interlocutory order appealed from.

10. Where the jurisdiction of the appellate court having attached by virtue of an appeal duly taken from an interlocutory order *before* final decree, all proceedings, including a final decree, in the trial court subsequent to the interlocutory appeal, are subject to the order or decree made on the appeal taken from the interlocutory order.

11. In this State a supersedeas is not an essential in appellate procedure. An appeal duly taken transfers jurisdiction of the cause to the appellate court without obtaining a supersedeas.

12. While the lower court may proceed further after an interlocutory appeal without supersedeas is duly taken, such proceedings are subject to the orders or decrees of the appellate court in the cause on the appeal; and orders and decrees made by the lower court in the cause during the pendency of the interlocutory appeal do not deprive the appellate court of its jurisdiction therein.

13. Under Sections 2920 and 3173, Revised General Statutes of 1920, the Supreme Court is authorized and required to entertain and decide motions to quash proceedings in error or by appeal, based upon the ground that such proceedings are taken merely for delay, notwithstanding the case has not been reached for final hearing upon regular call of the docket.

14. It is not the purpose of Sections 2920 and 3173, Revised General Statutes of 1920, to require the court upon motions to quash, based upon the ground that the proceedings are taken merely for delay, to enter into an examination of or decide doubtful or debatable questions properly raised by the assignments of error, but its purpose is to enable the court to quash such proceedings where the assignments of error are so plainly without merit as to lead to the conclusion that the proceedings were taken merely for delay. The absence of error in the proceedings must be apparent upon a short and cursory examination of the record, requiring no investigation of authorities nor argument to show the untenableness of the assignments of error. If there are doubtful or debatable questions of law or fact, raised by the assignment of error, the court will not investigate or decide them upon motions of this character, but will hold the case for hearing in its regular order upon the docket.

15. Where it does not appear from such an examination of the transcript of the record as is required to be given on a motion made under the statute to quash the appeal, that the assignments of error are palpably without merit, or that the appeal was taken against good faith or merely for delay, the motion to quash the appeal should be denied.

Motion denied.

*David R. Dunham, P. L. Gaskins, E. J. L'Engle, J. W. Shands* and *O. O. McCollum,* for Appellants;

*Kay, Adams & Ragland,* for Appellees.

WHITFIELD, J.—This appeal is from an interlocutory order sustaining a general demurrer to the bill of complaint. No supersedeas was obtained. A motion is made to dismiss the appeal on the ground that subsequent to the entry of the interlocutory appeal, the lower court dismissed the bill of complaint and no appeal was taken from such final decree and the time for taking an appeal from the final decree dismissing the bill of complaint has expired.

While the Constitution provides that "the Supreme Court shall have appellate jurisdiction in all cases at law and in equity originating in Circuit Courts," the statutes regulate the appellate processes and procedure and the stages in a cause at which and the time within which the appropriate appellate process and procedure may be utilized; but such statutory regulations and the appellate procedure had under the regulations cannot legally be used to impair the right to invoke the appellate jurisdiction conferred upon the Supreme Court by the Constitution or to obstruct the powers of the court to make its appellate jurisdiction effective. The right to utilize the appellate jurisdiction of the Supreme Court is in substance secured by the Constitution, but the right to a *supersedeas* in connection with appellate procedure, is conferred and regulated by statute; and whether a supersedeas is appropriate and what is its effect, if obtained, is to be determined upon a consideration of the particular facts of a case and of the controlling provisions and principles of law applicable in the premises. See Holland v. State, 15 Fla. 549; State *ex rel.* v. Jacksonville, P. & M. R. Co., 15 Fla. 201; Saxon v. Gamble, 23 Fla. 408, 2 South. Rep. 664; Williams v. Hil-

15—Vol. 89.

ton, 25 Fla. 608, 6 South. Rep. 452; Jacoby v. Shomaker, 26 Fla. 502, 7 South. Rep. 855; McMichael v. Eckman, 26 Fla. 43, 7 South. Rep. 365; Tampa St. Railway & Power Co. v. Tampa Suburban R. Co., 30 Fla. 400, 11 South. Rep. 908; Eckman v. Meriam, 32 Fla. 425, 14 South. Rep. 41; Continental Nat. Building & Loan Ass'n. v. Scott, 41 Fla. 421, 26 South. Rep. 726; Powell v. Florida Land & Improvement Co., 41 Fla. 494, 26 South. Rep. 700; Thalheim v. Camp Phosphate Co., 48 Fla. 190, 37 South. Rep. 523; McKinnon-Young Co. v. Stockton, 53 Fla. 734, 44 South. Rep. 237; Banning v. Brown, 73 Fla. 54, 74 South. Rep. 23; State el rel. Shrader v. Phillips, 32 Fla. 403, 13 South. Rep. 920; McGill v. McGill, 19 Fla. 341; Hardee v. Hutchinson, 31 Fla. 392, 12 South. Rep. 212; Stockton v. Harmon, 32 Fla. 312, 13 South. Rep. 833; Smith v. Whitfield, 38 Fla. 211, 20 South. Rep. 1012; Henry v. Whitehurst, 66 Fla. 567, 64 South. Rep. 233; Johnson v. Turner, 44 Fla. 244, 33 South. Rep. 238.

Where the statute requires a bond or an order or both a bond and an order to make a supersedeas effective, the statute must be complied with. The usual function of a supersedeas is in proper cases to stay further judicial proceedings in the case in the court below (State ex rel. v. Gibbs, 68 Fla. 344, 67 South. Rep. 104) or to restore or to preserve the status quo or to stay the execution or enforcement of an order or a decree or judgment, (Bacon v. Green, 36 Fla. 313, 18 South. Rep. 866; Thalheim v. Camp Phosphate Co., 48 Fla. 190, 37 South. Rep. 523; Henry v. Whitehurst, 66 Fla. 567, 64 South. Rep. 233), the purpose being to preserve the subject of the litigation so that the appellate jurisdiction may be effective, or to make a delay of the litigation on appeal to be as small a detriment or burden as possible to the interests involved in the suit or action. See Banning v. Brown, 73 Fla. 54, 74 South. Rep. 23.

The statutory provision that "no appeal from any inter-locutory decision, judgment or decree of a Circuit Court sitting as a court of equity shall operate as a supersedeas unless the Judge of the Circuit Court or a Justice of the Supreme Court shall, on an inspection of the record, order and direct a stay of proceedings," is to be interpreted in the light of organic provisions conferring appellate juris-diction, and such enactment in view of the organic juris-diction of the Supreme Court, cannot *require* a supersedeas to be obtained in order to preserve the appellate jurisdic-tion and powers of the Supreme Court in a cause that has been removed to the appellate court by an appeal duly taken in the case, particularly where the appeal involves the whole merits of the cause.

A supersedeas is not essential to the acquisition of or to preservation of appellate jurisdiction. When the jurisdic-tion of the appellate court attaches it is exclusive as to the subject covered by the appeal. Holland v. State, 15 Fla. 549; State *ex rel.* Shrader v. Phillips, 32 Fla. 403, 13 South. Rep. 920; 3 C. J. 1252, 1255; McMichael v. Eckman, 26 Fla. 43, 7 South. Rep. 365. See State *ex rel.* Hall v. Lewis, 88 Fla. 146, 101 So. Rep. 199.

The nature of a cause and of the order or decree appealed from might be such that, subject to the appeal, the trial court may properly take further judicial proceedings in the cause (Waring v. Bass, 76 Fla. 583, 80 South. Rep. 514), or the order or decree appealed from may be exe-cuted or enforced, unless a supersedeas is duly obtained and made effective as an incident to the appeal taken (3 C. J. 1258; Henry v. Whitehurst, 66 Fla. 567, 64 South. Rep. 233); but where an appeal is duly taken, whether with or without a supersedeas, so as to transfer the cause to the appellate court, the trial court is without power to finally dispose of the cause by dismissal or otherwise so as to in form or effect interfere with the power and authority of

the appellate court, under the Constitution, to make its jurisdiction and orders or decrees effective in the cause to which its organic appellate jurisdiction has attached by due course of appellate procedure.

In this case the question whether a supersedeas was obtained is not material. An appeal was duly taken from an order sustaining a demurrer to a bill of complaint on the ground that there is no equity in the bill. No supersedeas was obtained, and even though in the absence of a supersedeas the trial court had the power to permit or require other proceedings in the cause that would not tend to impair or to interfere with the appellate jurisdiction and power of the Supreme Court, or to defeat the efficacy of the appellate proceedings already duly taken, yet the dismissal of the bill of complaint by the lower court was subject to the result of the interlocutory appeal theretofore duly taken, otherwise the trial court would by such dismissal, finally determine the merits of the cause which is the only matter involved in the appeal taken and then pending in the Supreme Court.

When the appellate court acquires jurisdiction of a cause no order of the trial court can legally impair or interfere with the power of the appellate court to make its jurisdiction in the premises effective An order of the trial court dismissing a bill of complaint, made *after* the appeal was duly taken, does not affect the jurisdiction of the appellate court. See Holland v. State, 15 Fla. 549. Should an interlocutory order appealed from be reversed, the decree and mandate of the appellate court is effectual to restore the dismissed case to the docket of the trial court. If an interlocutory order appealed from is affirmed, the dismissal of the cause in the trial court is not of material consequence.

Where an appeal is taken from an interlocutory order *after* a final decree has been rendered in the cause, and no

appeal is taken from the final decree, the appellate court will dismiss the appeal taken solely from the interlocutory order. Oneida Land Co. v. Richards, 72 Fla. 116, 72 South. Rep. 646. This is done not because of want of jurisdiction in the appellate court, but because *non constat* the error if any in the interlocutory order appealed from had been cured or rendered immaterial by the final decree rendered *before* the appeal from the interlocutory order was taken, and because the *appellant* is at fault in bringing to the appellate court only a portion of the cause by an appeal taken *after* the whole cause had already been adjudicated and disposed of by final decree. But where an appeal is taken from an interlocutory order *before* a final decree is rendered in the cause, the appellate court will not dismiss the appeal taken from the interlocutory order merely because the appellant did not take an appeal from the final decree after it was rendered, unless perhaps the final decree renders harmless or immaterial to the appellant the error, if any, in the interlocutory order appealed from. In such case the jurisdiction of the appellate court having attached by virtue of the appeal duly taken from the interlocutory order *before* final decree, all proceedings, including a final decree, in the trial court subsequent to the interlocutory appeal, are subject to the order or decree made on the appeal taken from the interlocutory order. Rawlins v. Dade Lumber Co., 80 Fla. 398, text 404, 86 So. 334. See First Nat. Bank v. Dutcher, 128 Iowa 413, 104 N. W. Rep. 497, 1 L. R. A. (N. S.) 142, text 149.

The appellant in the interlocutory appeal could appeal from an adverse final decree rendered in the cause; but the appeal taken from the interlocutory order *before* final decree will not be dismissed merely because the appellant did not also appeal from the final decree that was rendered *after* an appeal from the interlocutory orders was duly

taken, since the final decree rendered after the interlocutory appeal is subject to the result of the appeal from the interlocutory order, and the appellant is not at fault in taking the appeal from the interlocutory order alone, there being no final decree in the cause to be appealed from when the interlocutory appeal was taken.

To dismiss this appeal under the circumstances shown by the record, would be to constitute the. Circuit Court the sole and final arbiter of the sufficiency of the bill of complaint, and divest this court of its constitutional jurisdiction to review such determination. It is true that the complainant below had the right to take an appeal from the final decree dismissing the bill, which he did not do, but such failure on the part of the complainant will not deprive him of his rights and status under the interlocutory appeal, previously taken and still pending.

It is but fair to state here that it appears from the transcript that the Circuit Judge probably did not know an appeal had been taken from the interlocutory order in the cause when he granted a motion to dismiss the bill of complaint.

There are cases in other States in which interlocutory appeals were dismissed when no supersedeas was obtained and the lower court had disposed of the case after the interlocutory appeal. But in such cases the interlocutory appeal was from an ancillary or incidental order, involving not the entire merits of the cause, but only a refusal to appoint a receiver (Belsky v. Druzstvo Cesko-Narddni Sine,—Okla. —, 224 Pac. Rep. .174) or the dissolving of a temporary injunction (City of Wallace v. Deane, 8 Idaho 344, 69 Pac. Rep. 62) and the like (Sweeney v. Village of Ellsworth, 135 Minn. .474, 159 N. W. Rep. 1067; 3 C. J. 1259), or else the subsequent proceedings in the lower court were of such nature that under the local law a supersedeas should have

been obtained (Cusher v. Ricketts, — Okla. —, 179 Pac.
Rep. 593), and the dismissal of the interlocutory appeal
was because of the fault of the appellant in not obtaining a
supersedeas as was contemplated by the local law. State v.
District Court of Thirteenth Judicial Dist., 25 Okla. 871,
108 Pac. Rep. 375. In this State a supersedeas is not an
essential in appelate procedure. An appeal duly taken
transfers jurisdiction of the cause to the appellate court
without obtaining a supersedeas. While the lower court
may proceed further after an interlocutory appeal without
supersedeas is duly taken, such proceedings are subject to
the orders or decrees of the appellate court in the cause on
the appeal; and orders and decrees made by the lower court
in the cause during the pendency of the interlocutory ap-
peal do not deprive the appellate court of its jurisdiction
therein.

The motion to dismiss the appeal is denied.

The appellees have moved to quash the appeal upon
grounds that the appeal is without merit and was taken
for vexatious delay and not in good faith and is an abuse
of appellate proceedings.

The statutes contain the following provisions:

"Courts of error shall have power to quash proceedings
in error in all cases in which error does not lie, or where
they are taken against good faith or merely for delay, and
may decree in such case damages against the plaintiff in
error not exceeding ten per cent." Sec. 2920, Rev. Gen.
Stats. 1920.

"The provisions of law relating to writs of error govern-
ing the filing of transcripts of record, and proceedings
thereon, and filing assignments of errors, the duty of ap-
pellate court in examining the record and giving judgment,
in causing execution of its decrees and in quashing writs

of error, shall be applicable to appeals in chancery'' Sec. 3173, Rev. Gen. Stats. 1920.

Under sections 2920 and 3173, Revised General Statutes of 1920, the Supreme Court is authorized and required to entertain motions to quash proceedings in error or by appeal, based upon the ground that such proceedings are taken merely for delay, notwithstanding the case has not been reached for final hearing upon regular call of the docket.

It is not the purpose of sections 2920 and 3173, Revised General Statutes of 1920, to require the court upon motions to quash, based upon the ground that the proceedings are taken merely for delay, to enter into an examination of or decide doubtful or debatable questions properly raised by the assignments of error, but its purpose is to enable the court to quash such proceedings where the assignments of error are so plainly and palpably without merit as to lead to the conclusion that the proceedings were taken merely for delay  The absence of error in the proceedings must be apparent upon a short and cursory examination of the record, requiring no investigation of authorities nor argument to show the untenableness of the assignments of error.  If there are doubtful or debatable questions of law or fact, raised by the assignments of error, the court will not investigate or decide them upon motions of this character, but will hold the case for hearing in its regular order upon the docket.   Holland v. Webster, 43 Fla. 85, 29 South. Rep. 625.

As it does not appear from such an examination of the transcript of the record as is required to be given on this motion made under the statute to quash the appeal, that the assignments of error are palpably without merit or that the appeal was taken against good faith or merely for delay the motion to quash the appeal is denied.

The motion to dismiss the appeal on the ground that necessary parties are omitted from the entry of appeal is postponed to the hearing of the cause on its merits which which may be had at an early date if so desired.

Orders to be entered as herein directed.

WEST, C. J., AND ELLIS, TERRELL AND STRUM, J. J., concur.

BROWNE, J., dissents.