R. S. MALEY, *Appellant*, v. THE CITY OF DAYTONA BEACH, a municipal corporation organized and existing under the laws of the State of¡ Florida, County of Volusia, et al., *Appellees*.

146 So. 837.

Division A.

Opinion filed February 27, 1933.

· *Leon J. C. Harton,* for Appellant;

*Horace D. Riege,* for Appellees.

DAVIS, C. J.—This is an appeal from an order dissolving a restraining order and dismissing a bill of complaint in equity. The prayer of the bill was for a permanent injunction enjoining and restraining the City of Daytona Beach from entering into any agreement or contract for the printing or advertising of the delinquent tax list of 1932, other than the agreement existing on November 23, 1932 (the date the bill was filed), between the City of Daytona Beach and Daytona Beach Independent Publishing Company.

The record shows, and the brief of counsel for the City suggests, that the main relief sought was an injunction, and that an injunction could not now be made effective, if granted, because the injury sought to be enjoined has already been accomplished. Such is unquestionably the situation that exists as to the efficacy of the relief sought. Appellee therefore moves to dismiss the appeal as moot.

At the time the bill of complaint was filed in the Court below, the Circuit Court had jurisdiction and power to grant the injunction as prayed. The jurisdiction of the Supreme Court, as an appellate court, attached to the subject matter of the suit *eo instanti* the filing of the bill of complaint in the Circuit Court. This is so because from that instant the case was under the Supreme Court's general jurisdiction to review or control by appeal or otherwise when properly called on to do so.

So it cannot be said that the course the case has taken in the Circuit Court, and the fact that the injury threatened

has been done because no supersedeas was had, has in any wise divested this Court of its *jurisdiction* to make a decision of the controversy involved on the present appeal.

And indeed, at this term of the Court, we have decided just such an appeal in an injunction case against a county, though it was apparent that everything that was sought to be enjoined in that case had already been done before we reached the case for disposition in this Court. See Pitt v. Belote, opinion filed February 15, 1933, at the present term.

It has been definitely decided by this Court that our jurisdiction as an appellate court does not depend upon whether or not a supersedeas has been granted. Willey v. Hoggson Corporation, 89 Fla. 446, 105 Sou. Rep. 126. This applies as well to injunction suits in which injunctions have been granted and dissolved as to other suits. So the fact that, in the present case, appellant did not have its temporary injunction continued in force by obtaining a supersedeas of the order dissolving it, does not preclude a review of this Court of the final decree that dismissed the bill of complaint and dissolved the injunction to complainant's prejudice.

Our conclusion is that there was equity in the bill and that the injunction sought and originally granted should have been made permanent.

The contract let out to Daytona Beach Independent Publishing Company bore the city's corporate seal and was signed by the city's *de facto,* if not *de jure,* City Manager. It was examined and endorsed approved as to form by the City Attorney. And in addition to the foregoing, the bill of complaint alleged, and the motion to dismiss the bill admitted the allegation to be true, that after the contract had been so executed, the city paid $251.44 under the contract and thereby ratified it. So it was utterly immaterial

to the complainant's rights in this suit, whether or not under Section 79 of the City Charter, the office of City Clerk and Collector was unlawfully united with that of City Manager in one and the same individual, so as to render the acting manager's signature of the contract invalid as held by the Chancellor.

The object of the present suit was to restrain the city from entering into two contracts for a single municipal service as to which the law contemplated that there would be but one contract. If the Daytona Beach Independent Publishing Company already had a valid contract to do the municipal printing for the year 1932, which was still in force at the time of the making of another contract with a different newspaper for the same service for the same year, the latter contract was unauthorized. And being unauthorized, it should have been enjoined at the suit of a citizen and taxpayer of the city, for the reasons hereafter mentioned.

The law contemplates that municipal affairs shall be managed with reasonable stability of performance and consistency of a policy with respect to the power given to the city to award a contract for the printing of the yearly tax list. When one contract has already been lawfully awarded for the publication of the city tax list in a case of this kind, it is an unauthorized exercise of an authority that does not exist, for the city to undertake to break its contract already lawfully entered into, in order that a new contract may be made with someone else.

Therefore, while the *validity of the publication* of the tax sale advertisement is not at all affected by whether or not the *contract* with the publisher for its publication was, or was not, authorized or valid *as a contract,* the rights of taxpayers may be adversely affected, because the breaking by the city of lawfully executed contracts already entered

into, merely for the purpose of making new contracts with others, has a tendency to increase city taxes, by subjecting the city to unnecessary litigation, and therefore a citizen and taxpayer has the right to maintain a suit against the municipality for an injunction of the character here sought, where the case presented is clear and reasonably free from doubt.

The decree of unconditional dismissal appealed from is reversed, and the cause remanded with directions to dismiss the bill without prejudice, at appellee's costs. See Pitt v. Belote, et al., *supra.*

Reversed and remanded with directions.

WHITFIELD, TERRELL and BUFORD, J. J., concur.