ON MOTION TO DISMISS INTERLOCUTORY APPEAL
SMITH, Judge.
Defendants present this interlocutory appeal pursuant to Rule 4.2, F.A.R., in an action on their alleged guaranty of another’s debts. The plaintiff creditor’s complaint was not formerly cognizable in equity. Defendants’ responsive pleading contained several affirmative defenses, including one of payment according to terms of the guaranties as interpreted by defendants, and two counterclaims, one of which prayed for equitable reformation of the guaranty instruments according to defendants’ view of their intended effect. The trial court struck all affirmative defenses and dismissed the counterclaims. Then followed defendants’ interlocutory appeal and plaintiff’s motion to dismiss it for lack of jurisdiction.
The question is whether we shall review on interlocutory appeal the sufficiency of the counterclaim for reformation, a matter formerly cognizable in equity, notwithstanding that the principal action, the stricken defenses and the other dismissed counterclaim all raised matters at law. We have dispensed with oral argument.
An interlocutory appeal such as this raises substantial questions, not yet entirely resolved, concerning the trial court’s jurisdiction to proceed with the case at hand. Willey v. W. J. Hoggson Corp., 89 Fla. 446, 105 So. 126 (1925); De La Portilla v. De La Portilla, 304 So.2d 116 (Fla.1974). Both delay and piecemeal review would result from entertaining this particular interlocutory appeal, in which the sole jurisdictional ground is the trial court’s dismissal of a reformation counterclaim which is substantially equivalent to striking — by an order not reviewable by interlocutory appeal — the affirmative defense of payment. The counterclaim would, if sustained, defeat the main action at law. Because the counterclaim for reformation raises between the same parties issues integral to the authenticity of the instruments on which the principal action is based and is by another name a denial or avoidance of liability, we will not regard it as a civil action “that, from the subject matter or relief sought, [is] such as formerly [was] cognizable in equity.” Rule 4.2a, F.A.R. The toll in delay and displacement of the trial court’s adjudicatory power is too great. Cf. S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974); Meadows v. Ward, 306 So.2d 179 (Fla. App.2d, 1975). The motion will be granted and the interlocutory appeal
DISMISSED.
McCORD, Acting C. J., and MILLS, J., concur.