SHEPHERD, C.J.
In the case at bar (3D12-1826), the appellant seeks interlocutory review of the trial court’s denial of a motion to dismiss for forum non conveniens. See Fla. R. App. P. 9.130. The trial judge denied the defendant’s motion based on what is essentially a “non-reason,” namely that “both Armas and BNC have availed themselves of the jurisdiction of this court (Ar-mas being a resident of Miami-Dade County ...).” However, a finding of personal or subject matter jurisdiction in our courts is not a substitute for the existence of a “convenient forum.” See Cortez v. Palace Resorts, Inc., SC11-1908, 123 So.3d 1085, 1091 (Fla. Jun. 20, 2013) (holding that inquiry as to whether long-arm jurisdiction exists over defendant “is an important statutory and constitutional hurdle for the plaintiff to overcome and one that would precede an attempt to dismiss [a] case based on the equitable, judge-made doctrine of forum non conveniens”) (emphasis added). Consequently, we reverse the order of the trial court. See Camperos v. Estrella, 3D12-1749, 126 So.3d 351, 351 2013 WL 1629255 at *1 (Fla. 3d DCA Apr. 17, 2013) (“A trial court’s order denying a motion to dismiss on grounds of forum non *406 conveniens is subject to reversal where, as here, there is neither (1) ‘meaningful analysis’ in the order, nor (2) a transcript reflecting adequate analysis of the Kinney factors, during the hearing itself....”) (citing ABA Capital Mkts. Corp. v. Provincial De Reaseguros C.A., 101 So.3d 385, 388 (Fla. 3d DCA 2012)).
During the course of this appeal, the trial court entered final summary judgment in favor of appellee, Banco Nacional De Crédito, presently on appeal in this court under Case No. 3D13-2113. Although the filing of a notice of interlocutory appeal does not automatically stay or have any preclusive effect on the continuation of proceedings in that court pending disposition of the interlocutory appeal, a trial court may not take any action which operates to legally impair or interfere with the power of the appellate court to effectuate its jurisdiction over and adjudicate the interlocutory appeal. See Fla. R. App. P. 9.130(f) (trial court may not render final order disposing of cause pending resolution of a non-final order); Willey v. W.J. Hoggson Corp., 89 Fla. 446, 105 So. 126, 129 (1925) (“When the appellate court acquires jurisdiction of a cause, no order of the trial court can legally impair or interfere with the power of the appellate court to make its jurisdiction in the premises effective.... Should an interlocutory order appealed from be reversed, the decree and mandates of the appellate court is effectual to restore the dismissed case to the docket of the trial court.”). Therefore, the Court reverses the order granting summary judgment in Case No. 3D13-2113 sua sponte.
Reversed and remanded for proceedings in compliance with this opinion.