ALBERT W. HALLIDAY, PLAINTIFF IN ERROR, vs. MARIE D. WRIGHT AND THOMAS F. WRIGHT, HER HUS-BAND, DEFENDANTS IN ERROR.

*Appellate Practice—Parties Plaintiff in Error in Replevin.*

Where,in a suit in replevin, the defendant retains the property by giving a forthcoming bond, with sureties, under section 1719, Revised Statutes, and at the trial judgment is recovered against the defendant for the specific property, and against him and the sureties on his bond for the adjudged value of such property, such defendant can alone, without joining such sureties, sue out his writ of error from such judgment to review the proceedings of the trial of such replevin suit that resulted in the verdict finding that he wrongfully took or detained the property, and its value and the fact that before the writ of error issued the plaintiffs in replevin had elected, under the statute, to take execution against said defendant and his sureties for the adjudged value of the property, does not affect the defendant's right to such separate writ of error to review the rulings in the trial to the extent indicated.

Appeal from the Circuit Court for Duval County.

Motion to dismiss Writ of Error.

The facts in the case are stated in the opinion of the Court.

*A. W. Cockrell & Son,* for motion.

*Wm. H. Harwick, contra.*

PER CURIAM.:

This was an action of replevin brought by the defendants in error against the plaintiff in error. The property seized was redelivered to the defendant below upon his giving a forthcoming bond under the statute (§ 1719 Rev. Stats.) with Uriah Bowden and Thomas Jackson as sureties thereon. The cause was tried on May 15th, 1900, and judgment was rendered in favor of the plaintiffs below to the following effect: That the plaintiffs do have and recover judgment against the defendant Halliday for the property (specifically describing it), and further, that the said plaintiffs do recover of and from the said Halliday, and said Bowden and Jackson sureties on his forthcoming bond, the sum of four hundred dollars, the assessed value of the property as found by the jury. From this judgment Halliday alone takes writ of error to this court.

Motion is now made by the defendants in error to dismiss the writ of error upon the following grounds, in substance: Because the judgment to be reviewed is a joint one against three, and can not be reviewed on a

writ of error sued out in the name of one of such judgment defendants alone.

Various errors are assigned by the sole plaintiff in error, among them several questioning rulings of the court made at the trial of the replevin suit prior to the rendition of the judgment. The court is of opinion that Halliday has the right in cases of this kind to sue out a writ of error in his own name alone, and to have reviewed the proceedings of the trial court resulting in the verdict finding that he wrongfuly took or detained the property and its value. Whether his right to review upon his separate writ of error extends further than this, it is unnecessary to decide at this time. The fact that before the writ of error issued, plaintiffs in replevin had elected to sue out execution against Halliday and his sureties for the value of the property as authorized by section 1724 Revised Statutes, does not, in the opinion of the court, affect the right of Halliday to his separate writ of error to review rulings in the case to the extent indicated. Crites v. Littleton, 23 Iowa 205; Stump v. Sheppard, Cooke (Tenn.) 190.

The motion to dismiss is denied.