HARRY E. HENRY, *Petitioner*, v. M. M. WHITEHURST, AS SHERIFF, *Respondent.*

### Opinion Filed January 6, 1914.

1. Where the enforcement of a money judgment has been commenced, a supersedeas thereof would arrest the proceedings at the stage in which they were when the supersedeas is perfected by the due execution, approval and filing of the required bond.

2. The defendant in a replevin action may take a writ of error separate from his sureties on a forthcoming bond.

3. Where the defendant in an action of replevin takes a writ of error to a judgment against him, and duly executes and files a supersedeas bond conditioned and approved as the statute requires, all proceedings by the sheriff to enforce the jurgment are thereby arrested.

This is a case of original jurisdiction.

Rule Nisi made absolute.

*Davis & Sellars* and *W. H. Surrency,* for Petitioner;

*Wall & McKay,* for Respondent.

WHITFIELD, J.—The petition herein filed alleges in

effect that Walter L. Spitler brought an action of replevin against Harry E. Henry for the recovery of certain personal property; that the property was taken by the Sheriff under a writ of replevin; that Henry having given to the Sheriff a forthcoming bond with H. A. Farmer and E. B. Erwin, as sureties, the property was redelivered to Henry under the statute; that judgment was rendered for the plaintiff Spitler as the statute requires awarding the property or its value at the option of the plaintiff, the money judgment being against the defendant Henry and H. A. Farmer and E. B. Erwin, his sureties on the forthcoming bond, as provided by the statute; that Spitler elected to enforce the money judgment and sued out execution against Henry and his sureties; that after the levy of the execution on the property of H. A. Farmer, one of the sureties against whom the money judgment was rendered, a writ of error to the judgment was taken by Henry alone, the original defendant, and a supersedeas bond conditioned that the plaintiff in error "shall diligently prosecute his writ of error to the Supreme Court, and shall well and truly pay the amount of the said judgment with interest and costs, if the said judgment shall be affirmed by the said Supreme Court," was executed, approved and filed as required by the statute, with the statutory effect of "suspending all further proceedings in relation to said judgment, in and by the officers of the said court below;" that notwithstanding said writ of error and supersedeas bond the Sheriff continues to advertise a sale of the property under the execution; that upon a sale of the property of H. A. Farmer, the surety, levied on, and the satisfaction of the execution, the said Farmer as surety will become subrogated to the rights of Spitler, the plaintiff in execution against Henry, the defendant in the action, and the

petitioner here, whereby the supersedeas obtained by the defendant would be ineffectual for the purpose designed by the statute. The prayer is for an order from this court staying the proceedings, for a rule as for contempt against the Sheriff, and for costs of this proceeding. A rule was issued as prayed. The return of the respondent, in effect, disavows any intention to violate any lawful order or rule of practice, and avers that he regarded it "his duty to proceed with said sale until the judgment had been superseded in some manner authorized by law as against the defendants H. A. Farmer and E. B. Erwin, therein named." There is a motion to make the rule as for contempt, absolute.

If the enforcement of a money judgment has been commenced, a supersedeas thereof would arrest the proceedings at the stage in which they were when the supersedeas is perfected by the due execution, approval and filing of the required bond. See Thalheim v. Camp Phos. Co., 48 Fla. 190, 37 South. Rep. 523.

The respondent seeks to justify this action in not observing the terms of the statute that the supersedeas "shall be obeyed as such, suspending all further proceedings in relation to such judgment, in and by the officers of the said court below," upon the grounds that the supersedeas is not effective because the surety upon whose property the execution was levied is not a party to the writ of error, and because the supersedeas bond is not conditioned as the statute requires.

It is true H. A. Farmer, a surety on the defendant's forthcoming bond in the replevin proceeding, upon whose property the execution was levied, is not a party to the writ of error; but as the surety may have his remedy over against the principal, the supersedeas bond given by the principal to suspend the enforcement of the judgment

pending the determination of the proceedings on writ of error, would not serve its purpose to protect the principal if the judgment may be enforced against the surety pending the review of the judgment on writ of error. The defendant in a replevin action may take a writ of error separate from his sureties on a forthcoming bond. Halliday v. Wright, 43 Fla. 46, 29 South. Rep. 534. The judgment being in the alternative under the statute with the right of the plaintiff to elect as to its enforcement, and the plaintiff having elected to enforce it as a money judgment, the supersedeas bond is substantially conditioned as the statute requires in the case of a money judgment.

The rule nisi will be made absolute and until further order is made, the respondent will make amends by paying the costs of this proceedign.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.