RAWLS, Chief Judge.
This appeal is brought from a final judgment rendered on June 7, 1974. The notice of appeal was filed in the Circuit Court in and for Columbia County on July 11, 1974. This Court sua sponte raised the question of its jurisdiction.
Appellants responded as to the jurisdictional question by stating that they served on appellee’s counsel by certified mail on June 17, 1974, a timely motion for new trial, but inadvertently failed to include the said motion in their directions to the Clerk. Appellants further submit that the timely motion for new trial tolled the time for filing a notice of appeal citing Florida Appellate Rule' 1.3 and Behm v. Division of Administration, Department of Transportation, 288 So.2d 476 (Fla.1974). If the foregoing constituted all of the record relating to this question, we would agree that this Court had jurisdiction. But such is not the case.
As pointed out by appellee and a transcript of the proceedings, on June 7, *312 1974, a hearing was held by the trial judge in this cause on appellants’ motion for leave to present newly discovered evidence. At the tail end of the hearing, counsel for appellants stated to the Court:
“. . .So this is what I would like to offer. If the Court please, if it would be satisfactory that would be, I would request permission to amend our pleading at this time and make it in the form of a Motion for a New Trial and get that disposed of here and as grounds I will submit what I have here and that this is material and it would have an effect on the outcome of the Court’s ruling.
“COURT: I recall the witnesses who testified to that in the trial of the case. Did you ask the Defendants to produce any witness list or anything?
“MR. FARNELL: Yes, we exchanged witnesses.
“COURT: And during the course of the proceeding did you depose any,of those witnesses ?
“MR. FARNELL: No, Your Honor, we did not.
“COURT: I will deny the Motion.
“(And thus the hearing ended)”
Thus, pursuant to Florida Appellate Rule 1.3, the trial court “disposed” of the motion for new trial.[1]
The Civil Rules of Procedure do not provide for successive motions. Appellants submitted their motion for a new trial on June 7, 1974, which was denied by the trial judge. The motion for new trial mailed on the 17th day of June, 1974, was not authorized and thus did not toll the running of time for taking an appeal.
Solely as dicta, we observe that this entire matter relates to a prospective nuisance which had not ripened for the in-junctive relief sought by appellants.
The judgment appealed is affirmed.
JOHNSON and McCORD, JJ., concur.

. Florida Appellate Rule 1.3, Definitions, provides in part: “ ‘Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.”