375 So.2d 1072 (1979)
CITY OF PLANT CITY et al., Petitioners,
v.
Paula F. HAWKINS et al., Respondents.
No. 54972.
Supreme Court of Florida.
July 12, 1979.
Rehearing Denied November 6, 1979.
Paul S. Buchman, Plant City, for City of Plant City.
Thomas K. Morrison, Chief Asst. City Atty., Tampa, for City of Tampa.
Marsha G. Rydberg of Taub & Williams, Tampa, for City of Temple Terrace.
Lawrence E. Braisted, Winter Haven, for City of Winter Haven.
Prentice P. Pruitt, Legal Director, and Donald R. Alexander, Staff Counsel, Tallahassee, for respondent.
Jack Shreve, Public Counsel and William S. Bilenky, Associate Public Counsel, Tallahassee, for the Citizens of the State of Florida.
Roy C. Young of Smith, Young & Blue, Tallahassee, and Maxwell Williams, Tampa, for Hillsborough County.
*1073 John W. McWhirter, Jr., Tampa, for Florida Industrial Power Users Group.
Lee L. Willis of Ausley, McMullen, McGehee, Carothers & Proctor, Tallahassee, for Tampa Electric Co.
PER CURIAM.
We are asked to review an order of the Public Service Commission directing the Tampa Electric Company to implement the direct method rather than the spread method of franchise fee collection. We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. We find substantial and competent evidence to support the Commission's order and deny the petition for writ of certiorari.
By PSC Order No. 8029, the Commission directed the Tampa Electric Company to show cause why it should not adopt the direct method of collecting municipal franchise fees in lieu of the spread method then being used. The direct method places the financial burden for franchise fees on the resident-customers of the municipality imposing the fees, as opposed to the "spread method" which distributes the cost among all customers of the utility system. After an evidentiary hearing, an examiner found the direct method the most equitable means of collecting the fees. Exceptions to the examiner's recommendation were filed on behalf of Tampa Electric Company and the cities of Tampa, Temple Terrace, Plant City, and Winter Haven. In Order No. 8439, the Public Service Commission adopted the findings of the hearing examiner and ordered the Tampa Electric Company to implement the direct method of collection.
The petitioners contend that two Commissioners demonstrated such bias and prejudice regarding the issues in this case as to require their recusal, and that the Commission's order is not supported by competent and substantial evidence.
We first dispose of the petitioners' contention that Public Service Commissioners Hawkins and Mayo improperly declined to recuse themselves from the proceedings below. We find nothing in the documents, PSC orders, or otherwise which demonstrates bias and prejudice on the part of these Commissioners.
The resolution of the evidence issue turns upon the interpretation of this court's holding in City of Plant City v. Mayo, 337 So.2d 966 (Fla. 1976). In that case, we quashed a Commission order directing Tampa Electric Company to implement the direct method of collecting franchise fees. This issue centers on language in Mayo concerning the appropriate grounds upon which a change in the treatment of franchise fees may be based. Because the Commission in Mayo based its order on only two grounds, neither of which was supported by competent and substantial evidence, we set aside the Commission's order. As to one of those grounds, we stated:
Competent and substantial evidence is not available to support the Commission's finding ... [that] customers outside municipal limits ... receive no benefits from the cities' fees.
337 So.2d at 974.
The petitioners have interpreted this language in Mayo to require the Commission to make a determination that no benefits are received by non-municipal customers by virtue of the franchise agreements, before it may order a utility company to change from the spread method to the direct method of allocation. That decision, however, quashed the Commission's order because "[t]he Commission chose to ground its new policy" on only two "facts," both of which were without evidentiary support. We did not hold that in order to support a change to the direct method the Commission must show that non-municipal customers receive no benefits from the cities' fees. We emphasized in Mayo that:
... we see no statutory or constitutional impediment to the implementation of change in the way it was attempted here, so long as interested and affected parties have a forum in which to challenge any change and the basis on which the action is taken is supported by the record.
Id. at 975.
In this case, all interested parties were given an opportunity to be heard before *1074 the hearing examiner and before the Commission. After reviewing the record and considering the arguments of counsel, the Commission adopted and approved the examiner's recommended order. This time, the Commission supported its change in the treatment of franchise fees on numerous grounds including: (1) the lack of relationship between the value of benefits provided by the city to the power company and the fee charged under the agreement; (2) the absence of a limitation as to the maximum fee which may be charged a utility for the use of right of ways under franchise agreements; (3) the fact that Tampa Electric Company pays no franchise fee for the use of county right of ways to the four counties in which it provides electric service; (4) the fact that the spread method of allocation discourages energy conservation by customers living outside franchise areas because the franchise fee is based upon consumption by customers living within the franchise areas; and (5) the incentive for cities to increase the fee because almost sixty percent of such fees are paid by customers who live outside franchise areas and have no voice in city affairs.
The above grounds are sufficient bases for the Commission's order to implement the direct method of franchise fee collection. Upon considering the arguments and reviewing the record, we find substantial and competent evidence to support each of these grounds.
The petition for certiorari is denied.
BOYD, OVERTON, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
ENGLAND, C.J., and ADKINS, J., dissent.