ADKINS, Acting Chief Justice.
This cause is before the Court on petition for writ of certiorari to the Public Service Commission. Art. V, § 3(b)(3), Fla.Const.
The Commission authorized rate increases for petitioners (hereinafter referred to as Utilities) by its Order 8039 in November, 1977. The Utilities challenge certain computations used by the Commission in ascertaining an appropriate rate base. The Commission responds that competent substantial evidence exists in the record to support its calculations. We agree.
These Utilities provide water and sewer service to Duval County. In July 1974 they sought rate relief from the Commission. One-half of the requested increase was withheld because of the poor condition of the facilities and substandard service. (Order 6575). By December 1975, when the second half of the increase took effect, the Utilities had made a financial commitment to taking corrective measures as required by the previous order. Substantial expenditures were involved in updating the plants and operations, without a corresponding rise in customer revenues. (Order 7037). In January 1977 the Utilities again filed for rate relief. A hearing examiner conducted public hearings and found that some of the expenses incurred were extraordinary maintenance expenses. He recommended that these be amortized over a three-year period instead of allowed as expenses in the test year.
The Commission decided that the rehabilitation program undertaken in the test year involved some non-recurring expenses which should not be computed into the rate base. To alleviate the skewed effect of the test-year corrective expenditures, the Commission averaged all operation and maintenance expenses for the previous four years. On petition for reconsideration the Commission noted that it would be “beyond credibility” to believe the test-year operation and maintenance expenses were normal in light of the restoration programs required by previous orders.
This Court's responsibility is not. to reweigh or re-evaluate conflicting evidence, but only to ascertain whether the Commission's order is supported by competent substantial evidence. United Telephone Co. v. Mayo, 345 So.2d 648 (Fla.1977). The record reflects conflicting evidence on the issue of normal versus extraordinary expenses. Florida Bridge Co. v. Bevis, 363 So.2d 799 (Fla.1978). We cannot say that the Commission departed from the essential requirements of the law in using an averaging method in this case to reach operation and maintenance figures for use in calculating its rate adjustments. City of Plant City v. Hawkins, 375 So.2d 1072 (Fla.1979).
*427 The petition for writ of certiorari is denied.
BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.