ADKINS, Justice.
We are asked to review order no. 9173 of the Public Service Commission directing Tampa Electric Company to refund the excess franchise fees collected under order no. 8511 between October 30, 1978, and December 1, 1979, to non-municipal customers. We approve the order of the Public Service Commission and deny the petition for writ of certiorari.
This litigation involves the method of collecting municipal franchise fees. The direct method places the financial burden for franchise fees on the resident customers of *953 the municipality imposing the fee. The spread method distributes the costs among all of the customers of the utility system.
Tampa Electric Company had been using the spread method, but order no. 8439 ordered the company to implement the direct method of collection. In this order the commission found that cities were imposing franchise fees on electricity sales by Tampa Electric Company within their municipal boundaries. The franchise fee imposed was six percent of the electric company’s billings for electric energy sales within the cities. The commission also found that utility companies were partially collecting this franchise fee from customers located outside of the city imposing the fee. It determined as a matter of regulatory authority that the imposition of this charge against non-municipal customers was improper.
The appeal of Plant City resulted in an automatic stay of the enforcement of order 8439. As a result, Tampa Electric Company determined to continue to collect the municipal franchise fee from non-municipal customers until judicial review was concluded.
The respondents moved to vacate the stay order. By order no. 8511, entered October 6, 1978, the commission vacated the stay but imposed a condition that Tampa Electric Company continue to bill the franchise fee to non-municipal customers. It also ordered that city customers be billed the full franchise fee levied by the municipality in which they lived. This order resulted in an over-collection of franchise fees pending the conclusion of judicial review with a proviso that collections would be refunded to the appropriate customers depending on the outcome of the appeal. We quashed commission order 8511 on February 2,1979, but timely motions for rehearing were filed. The parties were notified by the clerk of this Court that the motions to reconsider would be acted upon by the Court subsequent to oral argument. As a result of this notification, Tampa Electric Company continued to collect the franchise fees in accordance with order no. 8511. This review involves the excess fees collected under order 8511.
On November 6, 1979, this Court approved order no. 8439. City of Plant City v. Hawkins, 375 So.2d 1072 (Fla.1979). This decision approved the order directing Tampa Electric Company to implement the direct method of collecting municipal franchise fees.
On December 14, 1979, the commission entered order no. 9173 (the order under review) directing Tampa Electric Company to refund the excess franchise fees collected under order no. 8511 between October 30, 1978, and December 1, 1979, to non-municipal customers.
Petitioner argues that by virtue of the automatic stay resulting from the cities’ appeal from order 8439, the spread method of franchise fee collection remained in effect for all Tampa Electric customers. The status quo should have been preserved pending appellate review, so the city argues that “the excess amount of franchise fees” collected under the provisions of order no. 8511 resulted from the increase in electric rates of municipal customers to accommodate the direct method as required by said order. When this Court quashed order no. 8511 and reinstated the automatic stay, the city argues that the excess amount of franchise fees should have been refunded to municipal customers from whom it was collected.
The commission’s order no. 8439, requiring the direct method, (the order first reviewed), was to be effective October 1, 1978. This Court’s mandate issued thirteen months later in November 1979. Plant City contends that because there was a stay in effect while the matter was judicially reviewed, non-municipal customers must forfeit the money they were required to pay while the appeal continued. They contend that the substantive rights of the parties determined by the Public Service Commission in 1978 would not become effective for more than a year.
A supersedeas on appeal from a final judgment stays the execution but does not undo the performance of the judgment. Crichlow v. Maryland Casualty Company, *954 116 Fla. 226, 156 So. 440 (1934). Being preventive in its effect the stay does not undo or set aside what the trial court has adjudicated, Henry v. Whitehurst, 66 Fla. 567, 64 So. 233 (1914), it merely suspends the order. El Prado Restaurant, Inc. v. Weaver, 259 So.2d 524 (Fla. 3d DCA 1972).
The commission’s order required Tampa Electric Company to file rates to be effective on October 1, 1978, implementing the direct method of collection. These rates were timely filed. This is the lawful rate which was in effect when the notice of appeal was filed seeking a review of order no. 8439. The partial stay granted by order no. 8511 did not change rate schedules established by the commission. Our responsibility is to restore the situation as equitably as practically possible to the same status as would have existed if the stay order had not been ordered.
During the pendency of the appeal and consistent with the condition imposed by the commission, Tampa Electric Company has collected more than four million dollars in excess franchise fees that must be returned to its customers. In order no. 9173, the order now under review, the commission directed that Tampa Electric Company refund these monies with interest to those customers who resided in the unincorporated areas of Tampa Electric Company’s service area. The distribution of monies in this fashion is consistent with the requirement in order no. 8511 that “all amounts collected by Tampa Electric Company above the company’s obligation to the city under its respective franchise agreement shall be held in escrow to be refunded to the appropriate customers depending on the outcome of the judicial review of order no. 8439.”
When this Court quashed order no. 8511 and reinstated the automatic stay, Hillsbor-ough County and public counsel filed petitions for reconsideration. These motions were not ruled upon, so order no. 8511 remained in effect. As a result Tampa Electric Company continued to collect fees under the conditions imposed by order no. 8511 without objection from any party, including petitioners.
This Court’s decision on July 12, 1979, rehearing denied November 6,1979, in Plant City v. Hawkins, supra, approving the direct method of collecting franchise fees, constituted an implied granting of the pending motions and a finding that the excess fee collection should be distributed in a manner consistent with the final order. If the relief sought by a pending motion is inconsistent with the final judgment of the Court, the motion is deemed denied. On the other hand, if the relief sought by the pending motion is consistent with the Court’s final judgment, the motion may be deemed to have been impliedly granted. The application of this rule to the case sub judice produces a result which is consistent with commission order no. 9173.
While this court initially quashed order no. 8511 on February 2, the final judgment rendered in City of Plant City v. Hawkins, supra, had the effect of overruling the prior holding or of impliedly granting the motion to reconsider. The decision of this Court in City of Plant City v. Hawkins expressed an intention by this Court to grant the motion to reconsider or to overrule its prior holding that an automatic stay would remain in effect during the course of the appeal.
Petitioners should not be allowed to profit from a former appeal which they lost. Order no. 9173 is hereby approved.
It is so ordered.
SUNDBERG, C. J., and BOYD, OVER-TON and ALDERMAN, JJ., concur.