(81 P.3d 457)
No. 89,844

LINDA G. SMITH, *Appellee,* v. RODOLFO O. ALMONTE, M.D., *Appellant.*

Opinion filed December 24, 2003.

*Stephen L. Brave,* of Klenda, Mitchell, Austerman & Zuercher, L.L.C., of Wichita, for appellant.

*Craig Shultz,* of Law Office of Craig Schultz, P.A., of Wichita, for appellee.

Before RULON, C.J., GREEN, J., and STEPHEN D. HILL, District Judge, assigned.

HILL, J.: This appeal is from the trial court's granting of Linda Smith's motion requiring the Health Care Stabilization Fund (Fund), see K.S.A. 40-3401 *et seq.,* within the same fiscal year to make a second installment payment of $300,000 on an outstanding medical malpractice judgment. We reverse.

The issue before us is whether the trial court erred when it determined that K.S.A. 40-3403(d) requires the Fund to pay a second installment of $300,000 on an outstanding judgment after the physician's appeal was denied.

The facts are not disputed. Smith sued Rodolfo O. Almonte, M.D., claiming that Almonte negligently performed a medical procedure and that she suffered injuries due to his negligence. Smith was awarded $899,566.50 in damages at her trial. That matter was appealed, heard, and affirmed by this court in *Smith v. Almonte,* No. 87,404, unpublished opinion filed July 12, 2002. On June 20, 2002, the Fund made its first $300,000 installment payment. On September 4, 2002, Smith filed a motion in district court requesting the Fund make a second installment payment of $300,000. Almonte responded on September 20, 2002, arguing that the Fund was not required under the law to make an additional payment within the same fiscal year. The trial court granted Smith's motion, ordering the Fund to make a second $300,000 payment and not wait until the next fiscal year. Almonte filed this appeal on behalf of the Fund.

The journal entry of judgment establishing Almonte's liability was originally filed on May 17, 2001. Pending the appeal, the Fund filed a supersedeas bond that was approved on January 3, 2002. The Fund was one of Almonte's insurers responsible for paying the judgment. Almonte argues that under K.S.A. 40-3403(d), the Fund is only required to make one installment of $300,000 in the fiscal year following the denial of his appeal. This is a case of first impression, and we must interpret the statute.

Interpretation of a statute is a question of law, and an appellate court's review is unlimited. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003). *Williamson* states:

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" 275 Kan. at 305.

K.S.A. 40-3403(d) provides:

"All amounts for which the fund is liable pursuant to subsection (c) shall be paid promptly and in full except that, if the amount for which the fund is liable is $300,000 or more, it shall be paid, by installment payments of $300,000 or 10%

of the amount of the judgment including interest thereon, whichever is greater, per fiscal year, the first installment to be paid within 60 days after the fund becomes liable and each subsequent installment to be paid annually on the same date of the year the first installment was paid, until the claim has been paid in full. Any attorney fees payable from such installment shall be similarly prorated."

The Fund argues that it did not become liable to pay the judgment until 60 days after our Court of Appeals filed its decision on July 12, 2002. Smith, on the other hand, claims that the Fund became liable as soon as the journal entry of judgment was filed, and the first installment payment should have been due on July 17, 2001, which was 60 days after the journal entry was filed.

K.S.A. 40-3422 indicates that the judgment of liability is not stayed by the filing of Almonte's appeal. The statute states "the proceedings shall be stayed on appeal by the filing of a supersedeas bond." A stay of proceedings simply means that the proceedings will not move forward. It does not mean the judgment of liability is altered or suspended. In this case, the issue of liability was determined before the proceedings were stayed. By filing a supersedeas bond in this case, the Fund simply secured a stay of the proceedings.

A supersedeas is a suspension of the power of a court to issue an execution on the judgment or decree from which an appeal has been taken. If a writ of execution has issued, supersedeas is a prohibition against execution of the writ. Supersedeas preserves the status quo of the case. It does not, however, set aside or annul the trial court's judgment. 5 Am. Jur. 2d, Appellate Review § 436, p. 178. See *City of Plant City v. Mann*, 400 So. 2d 952, 953-54 (Fla. 1981); *Western United Dairy Co., v. Miller*, 40 Ill. App. 2d 403, 411-12, 189 N.E.2d 786 (1963).

An examination of the appellate process is important here. The Court of Appeals has jurisdiction to "correct, modify, vacate or reverse any act, order or judgment of a district court to assure that any such act, order or judgment is just, legal and free of abuse" under K.S.A. 60-2101(a). In this case, the judgment of liability was imposed by the trial court after the jury's verdict and that decision was reviewed and affirmed by the Court of Appeals. The Court of Appeals did not enter some independent judgment. Therefore, the

judgment finding the Fund liable was upheld and unmodified when the mandate from the appellate court was filed with the trial court.

Therefore, we believe, the Fund was not required to make its first payment until 60 days after the filing of the mandate from the appellate court, only because the Fund posted a supersedeas bond. If there had been no supersedeas bond filed by the Fund, we would have agreed with the trial court. However, the Fund filed a supersedeas bond that was approved by Smith, even suggested by Smith. By so doing, any action to seek the first installment 60 days after the filing of the journal entry was stayed. Had the Fund not posted a supersedeas bond in this case, Smith could have sought execution or garnishment to enforce her judgment against the Fund pending the appeal.

Smith claims that the Fund did not timely file the supersedeas bond, but we find nothing in the record that indicates Smith made this argument to the trial court. Issues not raised before the trial court cannot be raised on appeal. *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003).

The Fund is an additional insurance fund (created by statute) for health care providers. The intent of the legislature is clear. The judgments the Fund covers are similar to the judgments covered by private insurance carriers. The legislature provided the Fund with a similar procedure to stay proceedings on appeal. A private insurer can seek a stay of proceedings after posting a supersedeas bond under K.S.A. 2002 Supp. 60-262(d). The Fund can also seek a stay by posting a supersedeas bond under K.S.A. 40-3422.

We believe that the legislature meant what it statutorily stated. Judgments should be promptly paid by the Fund. If the Fund wishes to stay execution on such judgments pending an appeal, it should file a supersedeas bond. Since it did so in this case, the judgment of the trial court finding the Fund responsible for an additional payment within the same fiscal year was erroneous.

Reversed.