DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANCISCO NEGRON, PETITA NEGRON, CINDY NEGRON,** and
**SHIRLEY NEGRON,**
Appellants,

v.

**NELLIE HESSING** and **GEORGE HESSING,** her husband,
Appellees.

Nos. 4D13-4700 and 4D13-4748

[March 23, 2016]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. 06-1599 (14).

Warren B. Kwavnick of Cooney Trybus Kwavnick Peets, Fort Lauderdale, for appellants.

Daniel S. Weinger of The Weinger Appellate Firm, Plantation, for appellees.

DAMOORGIAN, J.

Francisco, Petita, Cindy, and Shirley Negron ("Defendants") appeal: (1) an order granting Nellie and George Hessing's ("Plaintiffs") motion for new trial; and (2) an order denying Defendants' motion to vacate the order granting Plaintiffs' motion for new trial. We reverse the order granting Plaintiffs' motion for new trial because the trial court had no jurisdiction to rule on the motion. As such, the appeal of the order denying the motion to vacate is rendered moot.

Plaintiffs sued Defendants for personal injuries arising out of an automobile accident. The case proceeded to a jury trial where Defendants prevailed. During the trial, Plaintiffs orally moved for a mistrial which the court denied. After the jury rendered its verdict and was discharged, but before the court entered a final judgment, Plaintiffs again orally asked the court about their prior motion for mistrial and the court replied "I denied it." Plaintiffs then renewed their motion for mistrial, noting that if the court was inclined to deny that motion again, then Plaintiffs moved for a

new trial. The court responded: "My ruling stands and I will deny the motion for new trial."

Despite the court's oral ruling on Plaintiffs' motion for new trial, eleven days after the jury verdict, Plaintiffs filed a written motion for new trial. Defendants filed their response to Plaintiffs' motion, noting that the court had already ruled on the motion and that the written motion did not raise any new grounds for new trial. The court did not address the written motion and instead entered a final judgment in Defendants' favor in accordance with the jury verdict. Plaintiffs did not appeal the final judgment and the case sat largely dormant for two years.

Two years later and after the presiding judge who denied the motion for new trial had left the civil division, Plaintiffs set their motion for new trial before a successor judge. After hearing oral argument on the motion, the successor judge granted the motion and ordered a new trial. In doing so, the successor judge acknowledged that the motion had been orally denied by his predecessor but nonetheless concluded:

> I just don't think that a quickie, you know, adoption of a motion for a mistrial immediately after a verdict is either presented to the Court with enough time to reflect on it and with any additional grounds or grounds to consider that were presented in the written motion for new trial, which was not objected to until after I said I was going to grant it. **And while I think counsel is right, though, I mean, it's either there or it's not as far as jurisdiction**. You know, I don't think it would be fair for anybody . . . .

Defendants moved to vacate the order, again pointing out that the trial judge had denied the motion and, therefore, the successor judge had no jurisdiction to reconsider the motion. The court denied the motion to vacate and this appeal follows.

On appeal, Defendants argue that the successor judge lacked jurisdiction to consider Plaintiffs' motion for new trial in light of the trial judge's prior ruling on the motion.[1] Plaintiffs counter that the successor judge was well within his authority to grant the motion because the trial judge never entered a formal order denying the motion and therefore the motion remained pending.

---

[1] Because we conclude that successor judge had no jurisdiction to rule on the motion for new trial, we need not address Defendants' alternative argument that the motion should have been denied on the merits.

The Florida Rules of Civil Procedure do not provide for successive motions. Rule 1.100(b), which governs motions, specifically provides that "[a]n application to the court for an order shall be by motion which shall be made in writing *unless made during a hearing or trial*, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Fla. R. Civ. P. 1.100(b) (emphasis added). Accordingly, when Plaintiffs orally moved for new trial, they elected to forgo the option of filing a written motion. *See id.* The trial judge, in turn, orally denied the ore tenus motion. This ruling properly disposed of the motion for new trial. *See State ex rel. Mann v. N. Fla. Raceway, Inc.*, 316 So. 2d 311, 312 (Fla. 1st DCA 1975) (holding that appellants were not authorized to file a successive written motion for new trial after the trial court orally denied their ore tenus motion for same); *see also Hampton v. State*, 949 So. 2d 1197, 1199 n.1 (Fla. 4th DCA 2007) (noting that the general rule that an order does not become effective until it is signed and filed "does not apply when the parties are present to hear the order"). Accordingly, once the trial judge orally ruled on Plaintiffs' motion for new trial, both the trial judge and successive judge were without authority to thereafter reconsider the matter. *See Collins v. Douglass*, 874 So. 2d 629, 630 (Fla. 4th DCA 2004) (holding that "following the initial denial of the motions for new trial or additur, the trial court was without authority to rehear the matter").

We likewise bring to the attention of the trial court that, in any event, once the final judgment was entered, the written motion was deemed denied. *See City of Plant City v. Mann*, 400 So. 2d 952, 954 (Fla. 1981) ("If the relief sought by a pending motion is inconsistent with the final judgment of the Court, the motion is deemed denied. On the other hand, if the relief sought by the pending motion is consistent with the Court's final judgment, the motion may be deemed to have been impliedly granted."). *But see Vacation Escape, Inc. v. Mich. Nat'l Bank*, 735 So. 2d 528, 529–30 (Fla. 4th DCA 1999) (recognizing an exception to this general rule when the pending motion is a motion to set aside a clerk's default). Plaintiffs' remedy at that point was to appeal the final judgment.

*Reversed.*

MAY AND GERBER, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**