**Barbara GOODEN, Appellant,**

v.

**CITY OF RIVIERA BEACH, Appellee.**

No. 4D15–835.

District Court of Appeal of Florida, Fourth District.

Nov. 23, 2016.

Roy W. Jordan, Jr. of Roy W. Jordan, Jr., P.A., West Palm Beach, for appellant.

Victoria L. Olds of Olds & Stephens, P.A., West Palm Beach, for appellee.

LEE, ROBERT W., Associate Judge.

We affirm on all issues the trial court's Final Judgment and Order Denying Motion for Rehearing. We write solely to address the appellant's request for attorney's fees below. We find that the appellant failed to properly raise this issue in her Initial Brief, and as a result, it is procedurally barred.

■ The trial court requested both parties to submit proposed final judgments, specifically noting that the proposed judgments should contain a provision retaining jurisdiction for the court to consider an award of attorney's fees and costs. At oral argument before this Court, the appellant claimed that the trial court included this detail because appellant had an outstanding motion involving attorney's fees arising from an improper response to request for admissions. Ultimately, both parties submitted proposed judgments to the trial court. The court adopted the judgment proposed by the City of Riviera Beach, but the city's judgment did not include the retention of jurisdiction to resolve the question of fees. The appellant timely filed a motion for rehearing of the court's judgment, seeking to have the judgment amended to include the fee provision arising from the purported improper response to the request for admissions. The trial court denied the motion.

■ Generally, when a trial court enters final judgment, it cannot entertain any further motions unless it reserved jurisdiction to do so in the judgment. *Harrell v. Harrell,* 515 So.2d 1302, 1304 (Fla. 3d DCA 1987). Here, when the trial court entered its final judgment without reserving jurisdiction to consider fees arising from the motion for sanctions, the motion was deemed denied at the time judgment was entered. *City of Plant City v. Mann,* 400 So.2d 952, 954 (Fla.1981) ("If the relief sought by a pending motion is inconsistent with the final judgment of the Court, the motion is deemed denied. On the other hand, if the relief sought by the pending motion is consistent with the Court's final judgment, the motion may be deemed to have been impliedly granted."); *Negron v. Hessing,* 186 So.3d 1139, 1141 (Fla. 4th DCA 2016) ("We likewise bring to the attention of the trial court that, in any event, once the final judgment was entered, the written motion was deemed denied."). The losing party's remedy is to appeal the denial on the merits. *Negron,* 186 So.3d at 1141.

We acknowledge that the omission of a provision reserving jurisdiction to consider the issue of attorney's fees is a substantive omission that may be timely remedied under Rule 1.530. *Meyer v. Meyer,* 525 So.2d 462, 464 (Fla. 4th DCA 1988); *see also Gulledge v. Gulledge,* 82 So.3d 1113, 1116 (Fla. 2d DCA 2012) (remanding for a corrected judgment reserving jurisdiction to consider an award of attorney's fees). However, the record reflects that when asked to reserve jurisdiction to reserve fees in the judgment, the trial court told counsel to "set that for hearing soon because I want to hear that" and indicated that an appropriate time for it to be heard would be at the same time as the cost

motion. In our view, the trial court's decision to not include fee language in the judgment, and its later denial of the motion for rehearing, shows that the court either could have intended to deny the request on the merits or that it simply could have inadvertently omitted the language from the judgment. In such a case, and especially here where the former option seems particularly likely, appellant is required to address both possibilities on appeal.

The appellant here, however, failed to address the merits of this issue in her Initial Brief, and as such, the issue is waived. *See McAllister v. Breakers Seville Ass'n*, 981 So.2d 566, 575 (Fla. 4th DCA 2008).

*Affirmed.*

CIKLIN, C.J., and TAYLOR, J., concur.